THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
KEVIN W. TAYLOR, Defendant-Appellant.

Fourth District   No. 4—88—0075

Opinion filed March 31, 1989.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

Donald M. Cadagin, State's Attorney, of Springfield (Kenneth R. Boyle, Robert J. Biderman, and Michael K. Blazicek, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GREEN delivered the opinion of the court:

On March 20, 1986, after a jury trial in the circuit court of Sangamon County, defendant Kevin W. Taylor was convicted of murder and home invasion. Subsequently, he was sentenced to concurrent terms of 35 years' and 6 years' imprisonment, respectively. He then took a direct appeal to this court, which entered an order affirming on February 2, 1987. (*People v. Taylor* (1987), 151 Ill. App. 3d 1167 (order under Supreme Court Rule 23).) Defendant then filed a *pro se* petition under the Post-Conviction Hearing Act (Act) on February 23, 1987 (Ill. Rev. Stat. 1985, ch. 38, par. 122—1). On December 23, 1987, the circuit court allowed the State's motion to dismiss the petition without an evidentiary hearing. Defendant has appealed. We affirm.

At trial, the circuit court granted a defense request that the jury be instructed as to voluntary manslaughter based upon sudden and intense passion. However, the court rejected the State's suggestion that the issues instruction in regard to murder be modified to require the State to negate the mitigating element of sudden and intense

passion which would reduce the homicide to voluntary manslaughter as this court had indicated should be done in *People v. Bolden* (1985), 132 Ill. App. 3d 1047, 477 N.E.2d 1380 (*Bolden I*). The court's failure to modify this instruction was one of the two claims of error raised on behalf of defendant on direct appeal. This court held defendant had waived any error by failing to request that the burden of proof instruction be modified.

■ In the instant petition for post-conviction relief, defendant asserted that he was deprived of his sixth amendment right to effective assistance of counsel because of trial counsel's failure to request the modification. Subsequent to the circuit court's decision dismissing the *pro se* petition, on June 20, 1988, the supreme court issued its decision in *People v. Reddick* (1988), 123 Ill. 2d 184, 198, 526 N.E.2d 141, 147, holding that failure of a circuit court to give the type of issues instruction which the State suggested here is "grave error" which cannot be waived. This overruled the precedent of our decision in *Bolden I*, on the direct appeal in this case, holding that such an error can be waived.

Citing *People v. Dredge* (1986), 148 Ill. App. 3d 911, 500 N.E.2d 445, and *People v. Cowherd* (1983), 114 Ill. App. 3d 894, 449 N.E.2d 589, defendant requests we relax the rules of *res judicata* and reconsider the propriety of our decision on direct appeal in light of *Reddick*. We need not rely upon giving *res judicata* effect to our decision on direct appeal to affirm. In a proceeding under the Act, we can only consider error which deprives of a constitutional right. In our decision rendered on this date in *People v. Bolden* (1989), 181 Ill. App. 3d 481 (*Bolden II*), we have held that the *Reddick* court did not intend the "grave error" arising from the type of instructions used here to amount to constitutional error. Thus, we cannot consider any error on the part of the circuit court in giving the questioned issues instruction as to murder.

■ We do consider the question, raised in defendant's petition, of whether he was deprived of his constitutional right to counsel because that counsel did not request modification of the issues instruction on murder. In order to establish incompetence of trial counsel on that basis, the evidence would have to show that counsel's representation fell below a reasonable objective standard, thus depriving the defendant of a fair trial under circumstances where there was a reasonable probability that if a proper standard were followed, a different result would have been obtained. *Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052; *People v. Albanese* (1984), 104 Ill. 2d 504, 473 N.E.2d 1246.

■ The evidence here was very weak that defendant acted with the "sudden and intense passion resulting from serious provocation by another" required by section 9—2(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1985, ch. 38, par. 9—2(a)) in force at the time of the alleged offense and as described in the instructions given by the court at trial. As we stated in our order of February 2, 1987, even by defendant's testimony, his passion was not sudden and the provocation was very questionable. Defendant admitted he had argued with the victim, who was defendant's estranged wife's live-in lover. Defendant stated that on the morning he stabbed the victim, he had spoken to him, and the victim had told defendant that the defendant could not see his young daughter the next day. The daughter was living with the mother and the victim. According to defendant, he drove across town to the apartment where the child lived at speeds of 60 to 70 miles per hour, took a hunting knife that was in his automobile, and knocked at his ex-wife's apartment. He stated he then heard his daughter crying and kicked in the door with the intent to take the child with him. Defendant testified he then saw the victim reach for something and jumped on him. According to defendant, they struggled, and he stabbed the victim.

For the stated reasons, the trial record clearly shows that a request by defendant's counsel for issues instructions conforming to *Reddick* and *Bolden I* would have been very unlikely to have resulted in defendant's homicide conviction having been voluntary manslaughter rather than murder.

Accordingly, we affirm.

Affirmed.

LUND and SPITZ, JJ., concur.