THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DEBRA FAY BOLDEN, Defendant-Appellant.

Fourth District   No. 4—88—0451

Opinion filed March 31, 1989.

Daniel D. Yuhas and Allen H. Andrews, both of State Appellate Defender's Office, of Springfield, for appellant.

Donald M. Cadagin, State's Attorney, of Springfield (Kenneth R. Boyle, Robert J. Biderman, and David E. Mannchen, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GREEN delivered the opinion of the court:

The issue in this appeal arises from the decision in *People v. Reddick* (1988), 123 Ill. 2d 184, 526 N.E.2d 141, where the supreme court held that, absent mitigating circumstances not present here, the giving of Illinois Pattern Jury Instructions, Criminal No. 7.02 (2d ed.

1981) (IPI Criminal 2d) (murder), IPI Criminal 2d No. 7.04 (voluntary manslaughter—provocation), and IPI Criminal 2d No. 7.06 (voluntary manslaughter—intentional—belief of justification), when used together, constitute "grave error" which is not waived by the failure of the defendant to object to the instruction at trial. *Reddick*, 123 Ill. 2d at 198, 526 N.E.2d at 147.

In *Reddick*, error in those instructions in two cases was considered in the line of direct appeals from circuit courts to appellate courts and then to the supreme court. Here, we consider the effect of combining the IPI murder instruction with the IPI instruction on voluntary manslaughter—intentional—belief of justification—in the context of defendant Debra Fay Bolden's appeal from a dismissal of her petition for post-conviction relief (Ill. Rev. Stat. 1987, ch. 38, par. 122—1), where relief can only be obtained for violation of constitutional rights. (*People v. Silagy* (1987), 116 Ill. 2d 357, 507 N.E.2d 830, *cert. denied* (1987), 484 U.S. 873, 98 L. Ed. 2d 163, 108 S. Ct. 212.) Also, unlike in *Reddick*, we consider the question after this court held on direct appeal of her conviction that no reversible error resulted from giving the instructions. *People v. Bolden* (1985), 132 Ill. App. 3d 1047, 477 N.E.2d 1380, *appeal denied* (1985), 108 Ill. 2d 574.

Defendant contends her post-conviction petition set forth that she was entitled to have her murder conviction and sentence set aside for improper instruction of the jury as we have described because: (1) under *Reddick*, the error was of constitutional dimension, depriving her of her right to due process; (2) *Reddick* should be applied retroactively; and (3) our prior decision on direct appeal that the error in instruction was not reversible is not *res judicata* as to her present rights under the instant post-conviction petition.

After a jury trial in the circuit court of Sangamon County, defendant was convicted of the offense of murder on May 1, 1984. She was subsequently sentenced to a term of 22 years' imprisonment. Her appeal to this court and our affirmance followed. This court held the giving of the instructions was error for the reasons described in *Reddick*, which we will explain. However, this court determined the proof of defendant's guilt, including the proof which negated the existence of the elements which would have reduced the culpability of defendant's conduct to that constituting voluntary manslaughter, was very strong. The error was held to be harmless.

The instant proceedings were initiated on December 1, 1987, when defendant filed a *pro se* post-conviction petition in the circuit court of Sangamon County. Counsel was then appointed, and he stood with the *pro se* petition, which alleged the jury had been improperly

instructed as to murder and voluntary manslaughter. After a hearing without evidence being introduced, the circuit court dismissed the petition. This appeal followed.

The Illinois jury instructions in issue here state:

"To sustain the charge of murder, the State must prove the following propositions:

*First*: That the defendant performed the acts which caused the death of _____; and

*Second*: That when the defendant did so,

[1] he intended to kill or do great bodily harm to _____;

or

[2] he knew that his act would cause death or great bodily harm to _____;

or

[3] he knew that his acts created a strong probability of death or great bodily harm to _____;

or

[4] he [(was attempting to commit) (was committing)] the offense of _____.

If you find from your consideration of all the evidence that each one of these propositions has been proved beyond a reasonable doubt, you should find the defendant guilty.

If you find from your consideration of all the evidence that any one of these propositions has not been proved beyond a reasonable doubt, you should find the defendant not guilty." (IPI Criminal 2d No. 7.02.)

"To sustain the charge of voluntary manslaughter, the State must prove the following propositions:

*First*: That the defendant performed the acts which caused the death of _____; and

*Second*: That when defendant did so,

[1] he intended to kill or do great bodily harm to _____;

or

[2] he knew that his acts would cause death or great bodily harm to _____;

or

[3] he knew that his acts created a strong probability of death or great bodily harm to _____; and

*Third*: That when the defendant did so he believed that circumstances existed which would have justified killing

_____; and

*Fourth*: That the defendant's belief that such circumstances existed was unreasonable.

If you find from your consideration of all the evidence that each one of these propositions has been proved beyond a reasonable doubt, you should find the defendant guilty.

If you find from your consideration of all the evidence that any one of these propositions has not been proved beyond a reasonable doubt, you should find the defendant not guilty." IPI Criminal 2d No. 7.06.

The *Reddick* court held the instructions there were erroneous when given together because: (1) the two voluntary manslaughter instructions require the State to prove the factors which reduce what would otherwise be murder to voluntary manslaughter while, ordinarily, the defendant is the party seeking to reduce the severity of any conviction which might be obtained; and (2) the instructions place the burden of establishing the factors reducing the severity of such a conviction on the *defendant* while a defendant's contention he is guilty, at most, of voluntary manslaughter must be treated in the same manner as an *affirmative defense* (Ill. Rev. Stat. 1985, ch. 38, par. 3—2), thus placing the burden on the *State* to negate the existence of those factors beyond a reasonable doubt. The *Reddick* opinion indicated the error in the giving of these tendered instructions would be mitigated when, in closing argument, counsel properly explains the burden of proof to the jury. The court noted that in *People v. Huckstead* (1982), 91 Ill. 2d 536, 440 N.E.2d 1248, proper explanation of the burden of proof mitigated error in failing to give a proper instruction on the subject. There, in a homicide case, the court had failed to instruct the jury that the State had the burden to prove the force used by the defendant was not justified but the court held the omission was not plain error. No such explanation was given in *Reddick*, and none was given here.

In *Reddick*, the supreme court made no express statement as to whether the error in instructions was of constitutional dimension or whether the precedent of the decision was to be applied prospectively or retroactively. The opinion did note that its holding requiring the State to negate the mental states which would reduce the crime involved to voluntary manslaughter "will have only limited application" because Public Act 84—1450 (1986 Ill. Laws 4221) has placed on the defendant the burden of proving the mental state reducing the severity of the offense. (*Reddick*, 123 Ill. 2d at 197, 526 N.E.2d at 146.) This would indicate the court did not intend its decision to be one

which both concerned a constitutional right of an accused and was intended to have retroactive effect. If both of those aspects existed, the decision would not have "only limited application," as many of the homicide convictions of the past decade would be subject to attack in post-conviction proceedings. The instructions involved were in common use.

■ Viewing the question of retroactive application first, we conclude the decision must be applied in that manner. The purpose for having the jury properly instructed is to enhance the accuracy of trials. When that is the purpose of a new constitutional principle, the precedent of the decision is to be given retroactive application. (*Solem v. Stumes* (1984), 465 U.S. 638, 643, 79 L. Ed. 2d 579, 587, 104 S. Ct. 1338, 1342.) Thus, if the *Reddick* precedent is of constitutional dimensions, it should be applied retroactively. If no new constitutional principle arises from the case, in the absence of direction in the opinion, the common law rule should prevail, which would also require the precedent to be applied retroactively. *People v. Laws* (1981), 84 Ill. 2d 493, 419 N.E.2d 1150.

The question here of whether the error in instructions was one of constitutional magnitude recognizable in a proceeding on a post-conviction petition was not present in *Reddick*. There, the issue was whether the improper instructions constituted plain error which could be considered on direct review from the conviction despite failure to raise the issue earlier which would have otherwise waived the question. Any statement by the *Reddick* court that constitutional error occurred would have been *dictum*. However, the court did not pronounce any *dictum* in that regard.

■ Similar to the situation in *Reddick*, in *People v. Brooks* (1988), 175 Ill. App. 3d 136, 529 N.E.2d 732, the Appellate Court for the First District was faced, on direct appeal of a conviction, with a claim of error in the giving of the improper jury instruction, in question here, when the issue was not timely raised. That court determined it needed to decide whether the *Reddick* precedent set forth a newly pronounced constitutional right of accuseds in order to determine whether retroactive application should be given to the precedent. The court in determining the right pronounced was one constitutionally protected apparently relied strongly on the *Reddick* language describing the error as "grave." (*Reddick*, 123 Ill. 2d at 198, 526 N.E.2d at 147.) Similar emphasis has been placed on the use of the word "grave" by defendant here. However, that adjective has been used to describe plain error which permits that type of error to be considered for the first time on direct appeal without any consideration of

whether a constitutional right has been violated. (*People v. Berry* (1984), 99 Ill. 2d 499, 504, 460 N.E.2d 742, 744; *People v. Ogunsola* (1981), 87 Ill. 2d 216, 222, 429 N.E.2d 861, 864; *People v. Tannenbaum* (1980), 82 Ill. 2d 177, 182, 415 N.E.2d 1027, 1030.) To interpret the use of the word "grave" as constituting constitutional error would negate the *Reddick* court's stated intent that the decision "have only limited application."

Subsequent to *Brooks*, the Appellate Court for the First District again faced the application of *Reddick* in *People v. Flowers* (1989), 192 Ill. App. 3d 292. There, as here, the appeal was from a circuit court's dismissal of a post-conviction petition following a conviction where the jury had been given similar improper instructions in regard to the offense of voluntary manslaughter. The *Flowers* court reversed, holding the error in instructions was of constitutional dimension, because the improper instruction relieved the State of its burden of persuasion beyond a reasonable doubt to an essential element of the offense, thus depriving the defendant of due process. The court cited the case of *Francis v. Franklin* (1985), 471 U.S. 307, 85 L. Ed. 2d 344, 105 S. Ct. 1965. We do not agree with the *Flowers* court.

Had the *Reddick* court intended to proclaim that the long-standing IPI instructions in issue, when used together, violated a constitutional right of defendant, that court would likely have cited United States Supreme Court decisions upon which such a right would be based. It did not do so. We do not find a basis in United States Supreme Court decisions for such a holding. We agree that at times pertinent voluntary manslaughter was an included offense of murder. (*People v. Hoffer* (1985), 106 Ill. 2d 186, 478 N.E.2d 335, *cert. denied* (1985), 474 U.S. 847, 88 L. Ed. 2d 114, 106 S. Ct. 139.) In *Beck v. Alabama* (1980), 447 U.S. 625, 65 L. Ed. 2d 392, 100 S. Ct. 2382, the Court held that a statute which prohibited included offense instructions in capital cases was a deprivation of due process. *Dictum* in *Hopper v. Evans* (1982), 456 U.S. 605, 611, 72 L. Ed. 2d 367, 373, 102 S. Ct. 2049, 2053, indicated due process required giving included offense instructions in noncapital cases.

No United States Supreme Court case has held that due process is denied when an imperfect instruction is given in regard to an included offense.

In *Francis*, the Court held that an instruction creating a presumption shifting the burden of proof on an element of the crime which the State is constitutionally required to prove denied an accused due process. Here, the improper instructions created no presumption, but they did improperly place the burden of proof. The

question of whether the State is constitutionally required to bear the burden of persuasion of negating the existence of mitigating factors which reduce the severity of the offense committed by the defendant Bolden here is a complex question involving the relationship between the decisions in *Mullaney v. Wilbur* (1975), 421 U.S. 684, 44 L. Ed. 2d 508, 95 S. Ct. 1881, and *Patterson v. New York* (1977), 432 U.S. 197, 53 L. Ed. 2d 281, 97 S. Ct. 2319. (See 1 W. LaFave & A. Scott, Substantive Criminal Law §1.8(b), at 68-71 (1986).) The determination that the State is constitutionally required to bear that burden of persuasion would be relevant to the validity of Public Act 84—1450 as described in *Reddick*. The Illinois Supreme Court clearly did not intend to delve into this issue in *Reddick*. We should not do so here.

For the reasons stated, we conclude that the *Reddick* court did not intend to set forth a principle of constitutional law. Thus, no precedent exists to find constitutional error to have been properly set forth in defendant Bolden's post-conviction petition. We need not decide whether the doctrine of *res judicata* was a further bar to her claim. We affirm the judgment of the circuit court dismissing that petition.

Affirmed.

LUND and KNECHT, JJ., concur.