(No. 52395.—

(No. 52409.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant,
v. ROBERT TANNENBAUM, Appellee.—THE
PEOPLE OF THE STATE OF ILLINOIS, Appellant,
v. ROY LEE McCOY, Appellee.

*Opinion filed October 17, 1980.*

William J. Scott, Attorney General, of Springfield, and Eugene L. Armentrout, State's Attorney, of Geneva (Donald B. Mackay and Melbourne Noel, Jr., Assistant Attorneys General, of Chicago, and Phyllis J. Perko and Jan Tuckerman, of the State's Attorneys Appellate Service Commission, of Elgin, of counsel), for the People.

Mary Robinson, Deputy Defender, and Paul J. Glaser, Assistant Defender, of the Office of the State Appellate Defender, of Elgin, for appellees.

MR. JUSTICE UNDERWOOD delivered the opinion of the court:

Defendants Robert Tannenbaum and Roy Lee McCoy, were convicted of felony theft in separate jury trials in Kane County. Their convictions were reduced to misdemeanor thefts by the appellate court in orders entered under Supreme Court Rule 23. (*People v. McCoy* (1979),

71 Ill. App. 3d 1114; *People v. Tannenbaum* (1979), 81 Ill. App. 3d 1201.) We granted leave to appeal and ordered the cases consolidated for argument and opinion.

Under our statute, theft of property valued at less than $150 is a misdemeanor; if more than $150 a felony. (Ill. Rev. Stat. 1975, ch. 38, par. 16—1(e).) In cause No. 52395, Tannenbaum was charged with the July 1977 theft of a cash register worth over $150 from a filling station. His guilt of theft was conclusively proved and we are concerned only with the absence of a jury finding as to the value of the cash register. A co-owner of the service station described the stolen cash register as an electronic model which had been purchased on March 3, 1977, for $1,345, plus tax. In his opinion, the machine had not depreciated more than one or two hundred dollars since its purchase. Moreover, the owner of the company from whom the cash register had been purchased estimated the fair market value of the register at $1,100 to $1,200.

In the conference on instructions at the close of trial, the State submitted Illinois Pattern Jury Instructions, Criminal, No. 13.02 (1968) on theft and a guilty verdict form, neither of which referred to the element of value. Defendant did not initially object to the issues instruction but did object to the guilty verdict form, without offering alternative instructions or forms of verdict. Recognizing that the instructions required no finding on value, the court examined the text of Illinois Pattern Jury Instructions and ruled that the instructions were adequate.

On appeal before the appellate court defendant argued, relying on this court's opinion in *People v. Dell* (1972), 52 Ill. 2d 393, that the general verdict returned by the jury would support only a conviction for misdemeanor theft since the jury had not been instructed on the element of felony value. The appellate court agreed, as earlier noted, reversing and remanding for correction of the sentence.

In cause No. 52409, McCoy was charged with the theft

of a motorcycle valued over $150. The owner of the motorcycle testified that it was a Harley Davidson XL 8 1000 with a "black, custom paint job," and that he had paid $2,888.38 for the vehicle a few months prior to the theft and that it was in "A-1 shape" at the time it was stolen. In this case, too, proof of guilt of theft was overwhelming and we are concerned only with the absence of a jury finding as to value. During the conference on jury instructions, the defense made no objections to any of the instructions tendered by the State, and all instructions offered by the defense were given. Neither the instructions nor the form of verdict required a finding as to value. On appeal, the appellate court held that the absence of instructions and a finding on the value of the stolen property mandated a reduction of the conviction to misdemeanor theft. The cause was accordingly remanded for resentencing.

In this consolidated appeal, the State argues that the decisions of the appellate court improperly found that *per se* reversible error exists where the jury instructions for felony theft fail to include the element of value. The State maintains that the conviction of the defendants for felony theft should not have been reduced to misdemeanor theft since the asserted error was not properly preserved in the respective trial court proceedings and that, apart from any waiver, the error was harmless inasmuch as the felony verdicts were supported by overwhelming and uncontradicted proof of felony value. We agree.

It is well established that the failure to object at trial to an asserted error in jury instructions waives the question. (*People v. Roberts* (1979), 75 Ill. 2d 1; *People v. Coles* (1979), 74 Ill. 2d 393; *People v. Precup* (1978), 73 Ill. 2d 7.) This court has also repeatedly recognized that no party may raise on appeal the failure to give an instruction unless he tendered it at trial. (*People v. Masini* (1979), 78 Ill. 2d 17; *People v. Underwood* (1978), 72

Ill. 2d 124; 73 Ill. 2d R. 366(b)(2)(i).) Our decisions have also emphasized that issues not raised in a post-trial motion are effectively waived for appellate review. (*People v. Foster* (1979), 76 Ill. 2d 365; *People v. Coles* (1979), 74 Ill. 2d 393; *People v. Edwards* (1978), 74 Ill. 2d 1, *cert. denied* (1979), 442 U.S. 931, 61 L. Ed. 2d 299, 99 S. Ct. 2862; *People v. Precup* (1978), 73 Ill. 2d 7.) *People v. Jones* (1979), 81 Ill. 2d 1, contains language which might be thought to indicate that where an instruction is objected to at trial, failure to include that objection in a post-trial motion is not a waiver. A close reading of that case, however, demonstrates that the instruction there complained of raised a "significant issue" which the court wished to settle. (81 Ill. 2d 1, 7.) When viewed in light of this authority, the circumstances before us in both of these cases demonstrate that neither defendant properly preserved the alleged errors for review. In McCoy's case, no objections were made to any of the instructions tendered by the State, and no alternate instructions containing the element of felony value were submitted by defense counsel. The proof of value was not mentioned during argument on the motions for directed verdict, or during the closing argument of defense counsel. Though a post-trial motion was filed, defendant made no mention of the instructional errors he now asserts. Clearly those errors were waived.

The circumstances in Tannenbaum's case are somewhat equivocal. There defense counsel stated, "No objection," when the pattern instruction under attack was initially submitted. When the guilty verdict form was tendered, a colloquy occurred between defense counsel and the judge as a result of which the judge ruled that value was an element of the offense but need not be included in the issues instruction. Defense counsel did not tender a proper instruction and, though a date was set for the filing of and hearing on any post-trial motion, there is no indication

that a motion was ever filed or presented, either in oral or written form. Consequently the instructional error was not properly preserved.

A limited exception to the waiver rule is contained in Rule 451(c) which permits the review of "substantial defects" in instructions "if the interests of justice require." (58 Ill. 2d R. 451(c); see *People v. Masini* (1979), 78 Ill. 2d 17, 21; *People v. Roberts* (1979), 75 Ill. 2d 1, 16; *People v. Underwood* (1978), 72 Ill. 2d 124, 130.) However, this court has limited that exception "to correct 'grave errors' (*People v. Jenkins* (1977), 69 Ill. 2d 61, 66), or to be applied where the case is close factually and fundamental fairness requires that the jury be properly instructed (*People v. Joyner* (1972), 50 Ill. 2d 302, 307)." *(People v. Roberts* (1979), 75 Ill. 2d 1, 14.) In our view, neither case in this consolidated appeal qualifies for this exception. Although the jury ought to be instructed to find whether the value of the stolen property exceeds $150 wherever felony theft is charged, particularly where value is disputed, the evidence here is overwhelming and uncontradicted in each case that the value of the stolen property greatly exceeded $150. In these circumstances it seems inconceivable that defendants could have suffered any prejudice. *People v. Beller* (1979), 74 Ill. 2d 514, 525.

The circumstances here involved are dissimilar to those present in *People v. Dell* (1972), 52 Ill. 2d 393, 396, and the appellate court misconstrued that opinion to require reduction of a felony theft conviction whenever a value instruction was not given and a finding not made. In *Dell* the evidence relating to the value of the stolen property was sufficiently unpersuasive to have "troubled the trial court considerably." (52 Ill. 2d 393, 396.) Too, the verdict form had been submitted to the jury with the value amount already inserted, even though it had not been in that condition when viewed by defense counsel.

That case does not require reduction of a felony theft conviction where, as here, there is no doubt whatsoever that the value of the stolen property was far above the required minimum.

In cause No. 52395 the judgment of the appellate court is reversed and the judgment of the circuit court affirmed. In cause No. 52409 the judgment of the appellate court, except as to count II (two convictions for same act), is reversed, and the judgments of the circuit court affirmed except as to count II.

> 52395 — *Appellate court reversed;*
> *circuit court affirmed.*
> 52409 — *Appellate court affirmed*
> *in part and reversed in part;*
> *circuit court affirmed in*
> *part and reversed in part.*