THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JODY CANAS, Defendant-Appellant.

Third District   No. 3—90—0259

Opinion filed July 19, 1991.

Charles M. Schiedel, of State Appellate Defender's Office, of Springfield, and Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

Gary L. Spencer, State's Attorney, of Morrison (Gary F. Gnidovec and John X. Breslin, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE McCUSKEY delivered the opinion of the court:

The defendant, Jody Canas, appeals his conviction for armed violence (Ill. Rev. Stat. 1989, ch. 38, par. 33A—2). We affirm.

Michael Kilday testified he and the defendant had once been good friends. Their friendship ended about 18 months before the instant offense. The parties stipulated that during the 18-month interval, Kilday and the defendant had confronted each other several times.

Kilday testified that on the evening of September 12, 1989, the defendant drove over Kilday's parents' newly seeded lawn. Later that evening, while Kilday was driving in Sterling, he saw the defendant's car proceed through town. Kilday made a U-turn and followed the defendant for a mile and a half. When the defendant's car pulled over, Kilday pulled in front of it. Kilday ran out of his car and confronted the defendant near the rear of the defendant's car.

Kilday stated he did not have any weapons and did not intend to fight. The defendant said something about fighting, but Kilday did not respond. The defendant then grabbed Kilday's shirt, and Kilday grabbed him in response. Dennis Mills, the driver of the defendant's car, also grabbed Kilday in an effort to break up the fight. After about a minute of struggling, Kilday fell to the ground. When he attempted to speak, he realized his throat had been cut. Kilday did not see a weapon in the defendant's hands.

John Tomczak testified he was working in a nearby garage when he heard the cars stop. He walked out and saw Kilday and the defendant shouting at each other. Tomczak saw Kilday knee the defendant and the two then began fighting. During the fight, a bloody knife flew out from between the two of them and landed near Tomczak. He could not tell who had used it. Afterwards, the defendant told Tomczak to call the police. The defendant then walked over and retrieved the knife.

Frank CarSkaden testified he was working with Tomczak on the night of the incident. He corroborated Tomczak's testimony that a knife was lying on the ground and that the defendant had retrieved it.

Dennis Mills testified Kilday's car cut them off and forced them to stop. Kilday got out of his car and threatened to kill the defendant. After the defendant got out of his car, Kilday punched and kicked him. A fight ensued in which Kilday fell to the ground and the defendant cut his hand. After Kilday left the scene, the defendant picked up a screwdriver from the ground and left with Mills.

The defendant testified that Kilday started the fight. After the defendant cut his hand, he pulled out a screwdriver and began swinging it. He was not sure if he cut Kilday with it. Eventually, it flew out of his hand. After the fight ended, the defendant retrieved the screwdriver and told Tomczak to call the police.

Two physicians testified they treated Kilday for a six-inch wound to his throat. The wound was life-threatening, and Kilday was initially in critical condition. They believed the wound was more likely caused by a knife than a screwdriver.

During closing arguments, the prosecutor made the following statements:

"The Defendant was the only person with any kind of weapon that night. Everyone says that. He used deadly force. That's where his self-defense claim fails. *** [The defendant] would only be justified in using that force under the laws of Illinois if he was doing that to prevent imminent death or great bodily harm to himself. Did he expect imminent death or great bodily harm to himself when he pulled the knife? Ladies and gentlemen, no. He and Michael Kilday have been in fistfights before. He says he saw no weapon.

* * *

Even if you believe that Michael Kilday jumped from his car, ran up and punched the Defendant, with this history and under the laws of Illinois, whatever the history, even if they wrestled on the ground, the Defendant was not entitled under the law to use deadly force.

* * *

Ladies and gentlemen, if you believe that the Defendant was not justified in using deadly force *** then you have no choice but to find the Defendant guilty of Armed Violence."

The trial court instructed the jury as follows:

"To sustain the charge of Aggravated Battery, the State must prove the following propositions:

First: That the defendant knowingly without legal justification caused great bodily harm to Michael Kilday;

If you find from your consideration of all the evidence that each one of these propositions has been proved beyond a reasonable doubt, you should find the defendant guilty.

* * *

To sustain the charge of Armed Violence, the State must prove the following propositions:

First: That the defendant committed the offense of aggravated battery by causing great bodily harm to Michael Kilday ***."

The jury found the defendant guilty of armed violence, aggravated battery, and battery. The court entered a judgment of conviction on the armed violence count and sentenced the defendant to a 14-year term of imprisonment.

On appeal, the defendant first argues the jury instructions were improper because they did not state that in order to find the defendant guilty of armed violence, the jury had to find the State disproved beyond a reasonable doubt the defense of justification. See *People v. Berry* (1982), 111 Ill. App. 3d 487, 444 N.E.2d 593, *aff'd* (1984), 99 Ill. 2d 499, 460 N.E.2d 742; *People v. Wells* (1982), 110 Ill. App. 3d 700, 442 N.E.2d 1341.

■ We find this case to be distinguishable from *Wells* and *Berry*. Unlike those cases, the instant armed violence instruction stated that in order to find the defendant guilty, the jury must first find he committed aggravated battery. The aggravated battery instruction, in turn, stated the State had the burden of disproving beyond a reasonable doubt the defense of justification. Consequently, in order to find the defendant guilty of armed violence, the jury must have first found the State had disproved justification. Indeed, since the jury found the defendant guilty of aggravated battery, it clearly did find the State had disproved the defense of justification beyond a reasonable doubt.

■ Additionally, the prosecutor conceded in his closing argument that the jury must find the defendant was not justified in using deadly force in order to find him guilty of armed violence. That concession may also be considered in determining whether the instructions were sufficient. (*People v. Huckstead* (1982), 91 Ill. 2d 536, 440 N.E.2d 1248.) For the foregoing reasons, we find no error.

The defendant also contends the prosecutor improperly argued in his closing statement that the defendant could not have been justified in using force because the victim was unarmed. He argues the prosecutor misstated the law, because a person may be justified in using deadly force in self-defense even if the victim is not armed. *People v. Estes* (1984), 127 Ill. App. 3d 642, 469 N.E.2d 275.

■ We disagree with the defendant's interpretation of the prosecutor's comments. The prosecutor did not state as a blanket proposition that since Kilday was not armed, the defendant could not have lawfully used deadly force. Rather, the prosecutor argued that under the circumstances of the offense, including the past relationship between the parties, the defendant was not justified in using deadly

force. Since there is support for this argument in the record, we find no error.

The judgment of the circuit court of Whiteside County is affirmed.

Affirmed.

HAASE and BARRY, JJ., concur.