THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
CHARLES E. HUTSON, JR., Defendant-Appellant.

Fifth District   No. 5—89—0868

Opinion filed December 27, 1991.

Daniel M. Kirwan and Janet L. Gandy, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Charles Garnati, State's Attorney, of Marion (Kenneth R. Boyle, Stephen E. Norris, and Diane L. Campbell, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE GOLDENHERSH delivered the opinion of the court:

After a jury trial, defendant, Charles E. Hutson, was found guilty of cruelty to a child (Ill. Rev. Stat. 1989, ch. 23, par. 2368) and battery (Ill. Rev. Stat. 1989, ch. 38, par. 12—3(a)(1)). In this appeal, defendant raises the following contentions: (1) that defendant was denied the right to confront the sole eyewitness to the incident; (2) that the trial court improperly instructed the jury as to the necessary elements for the offense of cruelty to a child; (3) that defendant was denied a fair trial due to improper and prejudicial remarks by the State's Attorney during the State's opening statement and closing argument; and (4) that the battery conviction should be vacated as a lesser-included offense of cruelty to a child. We affirm in part and vacate in part.

A.H. was born on August 25, 1988. In January 1989, defendant moved into an apartment at 217 South 16th Street, Herrin, where Teri H. and her infant daughter, A.H., resided. Defendant, who was not A.H.'s natural father, began sharing the responsibility for the child's daily care with Teri H. In January and February of that year, defendant bathed, fed and diapered the child regularly. In March, he began his role of sole caretaker of A.H., after which Teri H. rarely performed any duties necessary for her daughter's care.

On April 9, 1989, Teri H.'s mother, Rose, came to the 16th Street apartment to pick up Teri and A.H. for a visit at Rose's home. Upon returning home, Rose noticed bruising on A.H.'s bottom and suspected defendant to be the source of those bruises. Teri confirmed her

mother's suspicions. That same day, Rose and Teri H. took A.H. to the Herrin police station to file a report accusing defendant of abusing the child repeatedly. Defendant was charged with two counts of aggravated battery to a child and one count of cruelty to a child. The charges stated that on April 7, 1989, defendant "stuffed a rag into A.H.'s mouth, and hit her with his hand on the chest," and that on April 9, 1989, defendant "stuffed a rag in [A.H.'s] mouth, picked her up by the head with his hand and then hit her with his hand on the buttocks." The case was tried to a jury, which found defendant guilty of cruelty to a child and battery for the April 9, 1989, incident and not guilty for the charges relating to the April 7, 1989, incident. Evidence presented at trial will be addressed as necessary to resolve each issue on appeal.

The first issue on appeal is whether the trial court denied defendant his right to confront Teri H., the sole complaining witness, by refusing to allow defendant to present witnesses who would testify that Teri H. had abandoned A.H. and had attempted to give the child away. During cross-examination of Teri H., defense counsel had the opportunity to question her as to whether she had previously tried to give A.H. away, and whether she had been investigated by the Department of Children and Family Services (the Department) for neglect. Teri H. testified that she had not tried to give the baby away. Additionally, she stated that although a Department report indicated she neglected A.H., the report was untrue. Subsequently, defendant attempted to present extrinsic evidence in the form of testimony by three witnesses that Teri H. had, in fact, offered to give A.H. away on at least two separate occasions, that Teri H. had repeatedly left the child unattended before defendant moved in, and that defendant was the sole caretaker of A.H. after he moved in because Teri H. took no interest in her.

The trial court granted the State's motion *in limine* to exclude such testimony by Karen Weigand, Jesse Burton and Judy Jurcy, holding that testimony regarding specific acts of neglect by Teri H. was irrelevant and thus improper for impeachment purposes. The trial court suggested a different ruling might have been in order had defendant been able to produce evidence of prior physical abuse of A.H. by Teri H. The trial court reasoned that evidence of prior abuse by Teri H. would further defendant's theory that Teri H. had abused the child on the instances in question and thus could be allowed. But the trial court concluded that there was an insufficient nexus between prior neglect and present abuse, and that evidence of prior neglectful acts was improper to attack Teri H.'s veracity.

Defendant argues that the trial court violated his right to confront the sole eyewitness to the incidents by not allowing the jury to hear evidence of specific acts of neglect by Teri H. In support of his argument, defendant cites *Davis v. Alaska* (1974), 415 U.S. 308, 39 L. Ed. 2d 347, 94 S. Ct. 1105, which held the sixth amendment right to confront witnesses includes the right of cross-examination:

"Cross-examination is the principal means by which the believability of a witness and the truth of his testimony are tested. Subject always to the broad discretion of a trial judge to preclude repetitive and unduly harassing interrogation, the cross-examiner is not only permitted to delve into the witness' story to test the witness' perceptions and memory, but the cross-examiner has traditionally been allowed to impeach, *i.e.*, [to] discredit, the witness. One way of discrediting the witness is to introduce evidence of a prior criminal conviction of that witness. \*\*\* A more particular attack on the witness' credibility is effected by means of cross-examination directed toward revealing possible biases, prejudices, or ulterior motives of the witness as they may relate directly to issues or personalities in the case at hand." 415 U.S. at 316, 39 L. Ed. 2d at 353-54, 94 S. Ct. at 1110.

Defendant's reliance on *Davis* is misplaced. *Davis* stands for the right of an accused to confront witnesses by cross-examination. Defendant contends that his sixth amendment right to confront Teri H. was violated, not by any improper limitations imposed by the trial court on the questions posed to the witness during cross-examination, but by the court's refusal to allow defendant to present extrinsic evidence to contradict the witness' testimony on cross-examination. We find defendant's contention is not controlled by *Davis*. His contention is, in actuality, a dispute as to how the common law rules of evidence were applied. *Davis* stops short of including extrinsic evidence in its definition of cross-examination and confrontation of witnesses; therefore, *Davis* does not apply to the facts of this case. The issue before us is evidentiary: whether the trial court erred by precluding defendant from introducing extrinsic evidence of neglect by Teri H.

The State argues that the trial court correctly granted the State's motion *in limine* barring testimony by Karen Weigand, Jesse Burton and Judy Jurcy regarding Teri H.'s neglect of A.H. The State further contends that defendant's sole purpose in presenting such testimony was to rebut Teri H.'s testimony on a collateral matter which was not proper for impeachment purposes. Defendant, in his reply brief, argues that the matter of Teri H.'s neglect is noncollateral, and that the

witness' testimony was crucial to show Teri H.'s motive to testify falsely.

■■ ■ The latitude allowed counsel on cross-examination and rebuttal is a matter within the sound discretion of the trial court, and a reviewing court should not interfere unless there has been a clear abuse of discretion resulting in manifest prejudice to the defendant. (*People v. Collins* (1985), 106 Ill. 2d 237, 269, 478 N.E.2d 267, 281.) Generally speaking, any permissible kind of impeaching matter may be developed on cross-examination, since one of the purposes of cross-examination is to test the credibility of the witness. (106 Ill. 2d at 269, 478 N.E.2d at 281.) However, the cross-examiner may not impeach a witness on a collateral matter. (106 Ill. 2d at 269, 478 N.E.2d at 281.) Collateral matters are generally considered to include facts irrelevant to the substantive issues in the case and facts which are not independently provable by extrinsic evidence, apart from impeachment purposes. (*People v. McGhee* (1974), 20 Ill. App. 3d 915, 922, 314 N.E.2d 313, 319; McCormick, *Evidence* §47, at 101-02 (1954).) The test which determines if a matter is collateral is whether the matter could be introduced for any purpose other than to contradict. (*Collins*, 106 Ill. 2d at 269, 478 N.E.2d at 281.) We reiterate that defendant does not contend that the trial court erred in limiting the cross-examination of Teri H. Instead, defendant argues that the trial court erred by not allowing three witnesses to contradict her testimony elicited under cross-examination. Whether Teri H. neglected her child was not the issue in this case, and such evidence could not be introduced for any purpose other than to contradict. Therefore, evidence that Teri H. left her child alone or tried to give her child away on prior occasions is collateral to this case, and extrinsic evidence was properly barred by the trial court. We find no abuse of the trial court's discretion.

We next address defendant's contention that he was denied a fair trial because the jury was erroneously instructed. At issue are the following instructions with regard to the cruelty to a child charges:

"A person commits the offense of cruelty to children when he
* * *

■ knowingly injures the health or limb of a child." Illinois Pattern Jury Instructions, Criminal, No. 11.23(2) (2d ed. 1981).

"To sustain [a] charge of cruelty to children, the State must prove the following proposition:
* * *

That the defendant knowingly injured the health of a child." (Illinois Pattern Jury Instructions, Criminal, No. 11.24 (2d ed. 1981).)

Defendant argues that in order to convict him of cruelty to a child, the jury must find he knowingly and "unnecessarily" injured the child. Defendant finds fault with the trial court for not including the word "unnecessarily" in its instruction. Defendant asserts that the jury, as instructed, was required to convict defendant for spanking the child, even if a spanking was necessary for disciplinary purposes. We decline to adopt defendant's position.

■ Defendant failed to object to the jury instructions at trial or in his post-trial motion. A fundamental concept of our adversarial system is that counsel should object to errors in trial. Counsel may waive the right to raise certain errors in later proceedings by failure to object to those errors at trial. (*People v. Roberts* (1979), 75 Ill. 2d 1, 10, 387 N.E.2d 331, 335.) Our supreme court has consistently held that failure to object at trial to an asserted error in jury instructions waives the issue. (*People v. Berry* (1984), 99 Ill. 2d 499, 503, 460 N.E.2d 742, 743; *People v. Huckstead* (1982), 91 Ill. 2d 536, 543, 440 N.E.2d 1248, 1251; *People v. Tannenbaum* (1980), 82 Ill. 2d 177, 180, 415 N.E.2d 1027, 1029; *Roberts*, 75 Ill. 2d at 14, 387 N.E.2d at 335.) It is also well established that a party may not raise, on appeal, the failure to give an instruction unless it was tendered at trial. (*Berry*, 99 Ill. 2d at 503, 460 N.E.2d at 743; *Huckstead*, 91 Ill. 2d at 543, 440 N.E.2d at 1251; *Tannenbaum*, 82 Ill. 2d at 180, 415 N.E.2d at 1029; *People v. Underwood* (1978), 72 Ill. 2d 124, 129, 378 N.E.2d 513, 515.) Additionally, objections not raised in a post-trial motion are deemed waived for appellate review. *Berry*, 99 Ill. 2d at 503, 460 N.E.2d at 744; *Huckstead*, 91 Ill. 2d at 543, 440 N.E.2d at 1251; *Tannenbaum*, 82 Ill. 2d at 181, 415 N.E.2d at 1029.

The reason for the waiver rule is that timely objections to defective instructions permit the court to correct the defects before the instructions are given and also prevent a party from gaining an advantage based upon its own failure to act. (*Roberts*, 75 Ill. 2d at 11, 387 N.E.2d at 336.) The waiver rule is not absolute, however. Supreme Court Rule 451(c) provides that "substantial defects are not waived by failure to make timely objections thereto if the interests of justice require." (134 Ill. 2d R. 451(c).) Both our supreme court and the United States Supreme Court have expressed reluctance to read exceptions to the waiver rule broadly as applied to jury instructions. In *People v. Jenkins* (1977), 69 Ill. 2d 61, 370 N.E.2d 532, our supreme court stated that where there are "such grave errors in instructions so as to affect that very important consideration, justice, Rule 451(c) provides for a relaxation of [the waiver doctrine]." (69 Ill. 2d at 66, 370 N.E.2d at 534.) In *Henderson v. Kibbe* (1977), 431 U.S. 145, 52 L. Ed.

2d 203, 97 S. Ct. 1730, the Court held that it was not reversible error to omit the element of causation from jury instructions in a trial for second-degree murder. Justice Stevens wrote: "It is the rare case in which an improper instruction will justify reversal of a criminal conviction when no objection has been made in the trial court." 431 U.S. at 154, 52 L. Ed. 2d at 212, 97 S. Ct. at 1736.

The statute under which defendant in the present case was convicted states:

> "Any person who shall wilfully and unnecessarily expose to the inclemency of the weather, or shall in any other manner injure in health or limb, any child, apprentice or other person under his legal control, shall be guilty of a Class 4 felony." (Ill. Rev. Stat. 1989, ch. 23, par. 2368.)

Defendant in the present case seeks reversal of his conviction because the word "unnecessarily" was omitted from the jury instruction regarding the elements of cruelty to a child. In support of his argument, defendant cites *People v. Miller* (1983), 116 Ill. App. 3d 361, 452 N.E.2d 391, in which the court analyzed the state of mind requirement for conviction under section 53 of "An Act to revise the law in relation to criminal jurisprudence" (Ill. Rev. Stat. 1981, ch. 23, par. 2368). The defendant in that case was charged under the same statute for placing his stepson in a tub of hot water, causing severe burns to the child's body. The defendant in *Miller* tendered instructions at trial which would have required the jury to find he acted wilfully in causing injury to his stepson. The court refused those instructions, accepting instead the State's instructions which required it prove the defendant acted recklessly. The defendant made timely objections to the instructions both at trial and in his post-trial motion. He argued that "wilfully and unnecessarily" should apply to the entire statute and not just the phrase "exposed to the inclemency of the weather." *Miller* agreed with the defendant's interpretation of section 53 insofar as defendant's acts had to be adjudged wilful rather than merely reckless. The court did not address the significance of the word "unnecessarily," however, as it was not at issue in that case. Defendant in the present case interprets *Miller* as indicating that in order to sustain a conviction for cruelty to a child, the prosecution must prove that defendant unnecessarily injured the child. We do not agree. The failure to give the instruction with "unnecessarily" is not a substantial defect which deprived defendant of a fair trial. Furthermore, the *Miller* court did not have to address the waiver rule, as the defendant timely objected to the instruction defect both at trial and in his post-trial motion. We find that defendant in the instant case waived his ob-

jection to jury instructions by not objecting either at trial or in the post-trial motion, and the interests of justice do not require that we make an exception to the waiver rule in this case.

■ We next turn to defendant's contention that he was denied a fair trial because the prosecutor made improper and prejudicial remarks during the State's opening statement and closing argument. Defendant challenges the propriety of several comments made by the State's Attorney, but defendant failed to object to any of these comments at trial or in his post-trial motion. Our supreme court has repeatedly held that error can be waived if no objection to purportedly prejudicial prosecutorial comments was raised. (*People v. Hooper* (1989), 133 Ill. 2d 469, 552 N.E.2d 684; *People v. Lyles* (1985), 106 Ill. 2d 373, 478 N.E.2d 291; *People v. Beller* (1979), 74 Ill. 2d 514, 386 N.E.2d 857.) Defendant argues that we should "consider this issue as plain error affecting the substantial rights of the defendant," thereby making an exception to the waiver rule. An exception to waiver exists when a prosecutorial statement is so prejudicial that it abrogates the defendant's right to a fair trial. (*People v. Sullivan* (1978), 72 Ill. 2d 36, 377 N.E.2d 17.) After examining the record, including the State's opening statement and closing argument taken as a whole, we find it unnecessary to make an exception to the waiver rule in this case. We find no evidence of an abrogation of defendant's substantial rights and decline to invoke the plain error rule.

Defendant argues, in the alternative, that defense counsel was ineffective for failing to preserve this issue for appeal. In order to establish a claim of ineffective assistance of counsel, defendant must prove that counsel's representation fell below an objective standard of reasonableness and that counsel's shortcomings were so serious as to deprive defendant of a fair trial. (*Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052; *People v. Albanese* (1984), 104 Ill. 2d 504, 473 N.E.2d 1246.) Defendant in this case fails to meet the burden of proof as required by *Strickland* and *Albanese*.

■ Finally, defendant contends that his battery conviction must be vacated because it is a lesser-included offense of cruelty to a child. The State agrees with defendant on this point. Both parties cite *People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838, which held that when two convictions are based on the same act, the lesser offense should be vacated. Here, the cruelty to a child conviction and the battery conviction were both based on the April 9, 1989, incident. As we affirm the cruelty to a child conviction, we must vacate the battery conviction.

58

For the foregoing reasons, the judgment of the circuit court of Williamson County finding defendant guilty of cruelty to a child is affirmed, and the judgment finding defendant guilty of battery is vacated.

Affirmed in part; vacated in part.

CHAPMAN and RARICK, JJ., concur.