THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GARY E. TABER, Defendant-Appellant.

Fourth District    No. 4—93—0778

Argued March 15, 1995.—Opinion filed March 27, 1995.

Daniel D. Yuhas and Richard D. Frazier (argued), both of State Appellate Defender's Office, of Springfield, for appellant.

Scott H. Walden, State's Attorney, of Quincy (Norbert J. Goetten, Robert J. Biderman, and David E. Mannchen (argued), all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STEIGMANN delivered the opinion of the court:

In June 1993, a jury convicted defendant, Gary E. Taber, of aggravated battery at a public place of amusement (720 ILCS 5/12—4(b)(8) (West 1992)), and the trial court later sentenced him to probation. Defendant appeals, arguing that (1) the trial court failed to properly instruct the jury; (2) the trial court improperly permitted him to be impeached by prior convictions; (3) he received ineffective assistance of counsel; and (4) the State failed to prove him guilty beyond a reasonable doubt. Because we agree with defendant's first contention, we reverse and remand for a new trial.

## I. BACKGROUND

Because of the disposition in this case, we need not review the facts at length. Essentially, this case arose out of a bar fight. The State's witnesses identified defendant as the aggressor; defendant claims he struck the alleged victim, David Whitaker, in self-defense.

## II. ANALYSIS

### A. *The Jury Instructions*

At the conference on instructions, the State tendered People's instruction No. 13, which was based upon Illinois Pattern Jury Instructions, Criminal, No. 11.16 (3d ed. 1992) (hereinafter IPI Criminal 3d), and which stated as follows:

> "To sustain the charge of aggravated battery at a public place of amusement, Count I, the State must prove the following propositions:
>
> First: That the defendant knowingly caused bodily harm to David Whitaker; and
>
> Second: That the defendant did so while on or about a public place of amusement ***.
>
> ***
>
> If you find from your consideration of all the evidence that each one of these propositions has been proved beyond a reasonable doubt, you should find the defendant guilty.

If you find from your consideration of all the evidence that any one of these propositions has not been proved beyond a reasonable doubt, you should find the defendant not guilty."

Defendant objected, pointing out that he was asserting self-defense and People's instruction No. 13 did not contain the necessary third proposition, which should provide as follows: "Third: That the defendant was not justified in using the force which he used." Defendant then tendered a substitute instruction, which was identical to People's instruction No. 13 except for the addition of this third proposition. In response, the prosecutor claimed that her instruction was in accordance with the Committee Note to IPI Criminal 3d No. 11.16, which was "included in the new volume of IPI *** [and which] indicated [it] is not necessary to include in [the issues instruction the] language [which defendant offered] anymore." The trial court apparently accepted the State's explanation, overruled defendant's objection to People's instruction No. 13, and gave it to the jury.

On appeal, defendant asserts that the trial court's action constituted error because he testified that he only struck the alleged victim in self-defense, thus meeting the "some evidence" standard that requires the trial court to instruct the jury on self-defense. (See *People v. Kite* (1992), 153 Ill. 2d 40, 44-45, 605 N.E.2d 563, 565.) In response, the State does not contend that defendant failed to present "some evidence" on the issue of self-defense or that the trial court acted properly by rejecting the issues instruction tendered by defendant. (On this record, the State's decision to do neither is understandable because either position would be totally groundless.) Instead, the State asserts that the instructions, when viewed as a whole, adequately informed the jury of the State's burden of proof. We emphatically disagree.

■ In support of its argument, the State cites the following instruction, based upon IPI Criminal 3d No. 11.15, that the trial court gave to the jury:

"A person commits the offense of aggravated battery at a place of public amusement, Count I, when he knowingly, *without legal justification*, and by any means causes bodily harm to another person, and in doing so, he is on or about a public place of amusement." (Emphasis added.)

The problem with the State's argument is that this instruction fails to address the State's burden of proof. Thus, had the jury relied upon People's instruction No. 13 as a correct statement by the court of the task the jury was to perform, it could have found that the State had proved both propositions beyond a reasonable doubt and convicted defendant accordingly, *even though* it might have believed defendant

acted with justifiable use of force. Thus, the trial court's overruling defendant's objection to People's instruction No. 13 constituted reversible error. See *People v. Berry* (1984), 99 Ill. 2d 499, 506, 460 N.E.2d 742, 745; *People v. Brophy* (1981), 96 Ill. App. 3d 936, 943, 422 N.E.2d 158, 164.

We further note that the prosecutor totally mischaracterized the Committee Note to IPI Criminal 3d No. 11.16, which states in part as follows:

"Whenever the jury is to be instructed on an affirmative defense, it is necessary to use the phrase 'without legal justification' in Instruction 11.15 (see Committee Note to Instruction 11.15) [the definitional instruction], *and this instruction must be combined with the appropriate instructions from Chapter 24—25.00.* Since the additional proposition or propositions that will thereby be included will require the jury to find that the defendant acted without legal justification, the Committee has concluded that the phrase 'without legal justification' need not be used in this issues instruction." (Emphasis added.) (IPI Criminal 3d No. 11.16, Committee Note, at 365.)

The "appropriate instruction" from chapter 24—25.00 that applied in the present case was IPI Criminal 3d No. 24—25.06A, which reads as follows: "_____ *Proposition*: That the defendant was not justified in using the force which he used." Thus, contrary to the prosecutor's representations to the trial court, the Committee Note to IPI Criminal 3d No. 11.16 *requires* precisely the modification defendant offered—and the court rejected—when "some evidence" of self-defense has been presented.

We also note that the State submitted—and the trial court gave—IPI Criminal 3d No. 24—25.06, which reads as follows: "A person is justified in the use of force when and to the extent that he reasonably believes that such conduct is necessary to defend himself against the imminent use of unlawful force." The Committee Note to IPI Criminal 3d No. 24—25.06 contains the following direction: "*Give* Instruction 24—25.06A." (Emphasis added.) (IPI Criminal 3d No. 24—25.06, Committee Comment, at 315.) Again, IPI Criminal 3d No. 24—25.06A is the instruction defendant tendered that the trial court refused when the State objected.

### B. *Defendant's Impeachment By Prior Convictions*

■ Defendant next argues that the trial court improperly permitted him to be impeached at this aggravated battery trial by receiving into evidence (after defendant testified) certified copies of his two Adams County convictions for aggravated battery. Because this is an issue which might arise on retrial, we will address it.

In *People v. Williams* (1994), 161 Ill. 2d 1, 36-42, 641 N.E.2d 296, 311-13, the supreme court analyzed how its seminal decision in the area of impeachment by prior conviction (*People v. Montgomery* (1971), 47 Ill. 2d 510, 268 N.E.2d 695) had been handled by the appellate court in the 23 years since *Montgomery* was decided. As part of its analysis, the supreme court cited approvingly *People v. Kunze* (1990), 193 Ill. App. 3d 708, 728-36, 550 N.E.2d 284, 297-303 (Steigmann, J., specially concurring). (*Williams*, 161 Ill. 2d at 39, 641 N.E.2d at 312.) That specially concurring opinion described at length cases in which a defendant, as here, on trial for a particular felony offense, was impeached after he testified by his prior conviction for *that same felony offense*, and concluded that concerns about the fairness of this practice "were far from groundless." (*Kunze*, 193 Ill. App. 3d at 728-30, 550 N.E.2d at 298-99 (Steigmann, J., specially concurring).) In view of both the concerns expressed by the supreme court in *Williams* and the supreme court's approval of the views expressed by the specially concurring opinion in *Kunze*, we direct that, on remand, *if* the trial court finds that the probative value of defendant's convictions outweighs their prejudicial effect (in accordance with the *Montgomery* balancing test), then the trial court shall use the procedures set forth in the specially concurring opinion in *Kunze* (*Kunze*, 193 Ill. App. 3d at 730-33, 550 N.E.2d at 299-301 (Steigmann, J., specially concurring)), thereby avoiding informing the jury that defendant—on trial for aggravated battery—has prior convictions for aggravated battery.

### C. *Sufficiency of the Evidence*

■ Because defendant asserts that the State failed to prove him guilty beyond a reasonable doubt, we need to address that claim before remanding for a new trial. (See *People v. Izquierdo* (1994), 262 Ill. App. 3d 558, 564, 634 N.E.2d 1266, 1270.) Based upon our review, we are satisfied that the testimony of the State's witnesses, if believed by the jury, was sufficient to sustain defendant's conviction.

### III. CONCLUSION

For the reasons stated, we reverse defendant's conviction and remand for a new trial in accordance with the views expressed herein.

Reversed and remanded.

KNECHT, P.J., and GREEN, J., concur.