2020 IL App (2d) 170806-U
No. 2-17-0806
Order filed May 20, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of Du Page County. |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 16-CF-1108 |
| | ) | |
| RAHEIM D. DAVIS, | ) | Honorable |
| | ) | John J. Kinsella, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE HUTCHINSON delivered the judgment of the court.
Justices McLaren and Bridges concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court's deviation from the pattern jury instructions did not constitute plain error, nor did defense counsel's failure to object to the instructions constitute ineffective assistance of counsel, where the instructions given were substantially equivalent to the pattern jury instructions.

¶ 2    Following a trial before a six-person jury, defendant, Raheim D. Davis, was found guilty of two counts of aggravated discharge of a firearm (720 ILCS 5/24-1.2(a)(2) (West 2016)) and a single count of aggravated unlawful use of a weapon (720 ILCS 5/24-1.6(a)(1) (West 2016)). Defendant argues on appeal that, with respect to the charges of aggravated discharge of a firearm, the trial court committed plain error by failing to instruct the jury that the State bore the burden of

proving beyond a reasonable doubt that defendant did not act in self-defense or in defense of another. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4     The charges against defendant stemmed from the June 21, 2016, shooting of two brothers, Angel and David Martin. At trial, defendant did not deny that he shot David and Angel. Rather, he maintained that he acted in self-defense and in defense of others. Defendant and Allen Battup testified that 11 days before the shooting, they were at a car wash with someone named Booney. The victims' brother, Adam Martin, drove up to them, jumped out of his car, and punched Booney.

¶ 5     On the day of the shooting, defendant, Allen, and their friend Gordon Hadnott were at Allen's house, where they were involved in a fight against Adam, Jaylen Thompson, and Aaron Thompson. Defendant, Gordan, and Allen testified that it started when Jaylen punched defendant without provocation. During the fight, either Adam or Jaylen dropped a phone.

¶ 6     After the fight, defendant, Gordon, and Allen went to a field where defendant had hidden a gun. A car chased them across the field. Defendant testified that he jumped over a fence to escape, at which point the car turned around. As defendant went to retrieve his gun, he encountered a group of about seven people including Adam, Angel, David, and Jaylen. They started beating defendant and took money from his pocket. Adam demanded the return of his phone. Defendant thought that Adam wanted defendant's phone, and he gave it to him. They later arranged to exchange phones outside Allen's house. At the exchange, Adam, David, Angel, Aaron, and Jaylen were on one side and defendant, Gordon, and Allen were on the other.

¶ 7     After the exchange, defendant, Gordon, and Allen got into a car. Adam, David, Angel, Aaron, and Jaylen got into two other cars, one of which pulled in front of the car in which defendant was riding. Adam and his companions got out of their cars and started pounding on the car that

defendant was in. Defendant got out of the car and fired his gun several times, striking Angel and David.

¶ 8 Defendant argued that he fired his gun to protect himself and his companions from Adam, David, Angel, Aaron and Jaylen, but the jury found him guilty of two counts of aggravated discharge of a firearm. As noted, the jury also found defendant guilty of a single count of aggravated unlawful use of a weapon. This appeal followed.

¶ 9                                                    II. ANALYSIS

¶ 10 Defendant does not challenge his conviction of aggravated unlawful use of a weapon. However, he contends that the jury was not properly instructed on the charges of aggravated discharge of a weapon, because the issues instruction omitted the proposition that the State bore the burden of proof beyond a reasonable doubt that he did not act in self-defense or in defense of another.

¶ 11 Section 24-1.2(a)(2) of the Criminal Code of 2012 (Code) (720 ILCS 5/24-1.2 (West 2016)) provides, in pertinent part:

> "(a) person commits aggravated discharge of a firearm when he or she knowingly or intentionally:
>
> ***
>
> (2) Discharges a firearm in the direction of another person or in the direction of a vehicle he or she knows or reasonably should know to be occupied by a person[.]"

In a prosecution for aggravated discharge of a firearm, a defendant may raise the theory of self-defense or defense of others. *People v. O'Neal*, 2016 IL App (1st) 132284, ¶ 80. "Self-defense is an affirmative defense, and once a defendant raises it, the State has the burden of proving, beyond

a reasonable doubt, not only all the elements of the charged offense, but also that the defendant did not act in self-defense." *People v. Martinez*, 2019 IL App (2d) 170793, ¶ 70.

¶ 12    Defendant argues the jury instructions deviated from the applicable pattern jury instruction on the State's burden of proof where self-defense or the defense of another is at issue. Defendant acknowledges that, because he did not object to the instructions that were given or offer the appropriate pattern jury instruction, he forfeited the issue. See, *e.g.*, *People v. Austin*, 2017 IL App (1st) 142737, ¶ 46. Defendant argues however, that the issue is reviewable under the plain-error rule. Defendant alternatively argues that, because his trial attorney did not offer the correct instruction, he did not receive the effective assistance of counsel.

¶ 13    Under the plain-error rule we may review a forfeited claim of error "(1) when a clear or obvious error occurred and the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error, or (2) when a clear or obvious error occurred and that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence." (Internal quotation marks omitted.) *People v. Sebby*, 2017 IL 119445, ¶ 48. The error must, at the very least, be one that would be grounds for reversal if properly preserved for review. "If there is no reversible error, there can be no plain error." *People v. Holmon*, 2019 IL App (5th) 160207, ¶ 53. In this regard, "[e]rror in jury instructions is harmless where the general instructions, taken as a whole, correctly and fully instruct the jury." *People v. Brandon*, 283 Ill. App. 3d 358, 364 (1996).

¶ 14    To establish ineffective assistance of counsel, a criminal defendant must show that counsel's performance "fell below an objective standard of reasonableness" and that the deficient performance was prejudicial in that "there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).

¶ 15    Illinois Pattern Jury Instructions, Criminal, Nos. 18.11 and 18.12 (approved Dec. 2, 2014) (hereinafter, IPI Criminal Nos. 18.11, 18.12), are the definition and issues instructions for the offense of aggravated discharge of a firearm. The pattern definition instruction provides, in pertinent part, as follows:

"A person commits the offense of aggravated discharge of a firearm when he [(knowingly) (intentionally)] discharges a firearm

* * *

[2] in the direction of [(another person) (a vehicle he [(knows) (reasonably should know)] to be occupied by a person)]." IPI Criminal No. 18.11.

¶ 16    The pattern issues instruction provides, in pertinent part as follows:

"To sustain the charge of aggravated discharge of a firearm, the State must prove the following propositions:

First Proposition: That the defendant [(knowingly) (intentionally)] discharged a firearm;

* * *

[2] Second Proposition: That the defendant discharged the firearm in the direction of [(another person) (a vehicle he [(knew) (reasonably should have known)] was occupied)].

If you find from your consideration of all of the evidence that each one of these propositions has been proved beyond a reasonable doubt, you should find the defendant guilty.

If you find from your consideration of all of the evidence that any one of these propositions has not been proved beyond a reasonable doubt, you should find the defendant not guilty." IPI Criminal No. 18.12.

¶ 17    Where the defendant has raised the issue of self-defense or defense of another, Illinois Pattern Jury Instructions, Criminal, No. 24-25.06 (4th ed. 2000) (hereinafter IPI Criminal 4th No. 24-25.06) should be given. The trial court gave this instruction, which provides, in pertinent part:

"A person is justified in the use of force when and to the extent that he reasonably believes that such conduct is necessary to defend [(himself) (another)]) against the imminent use of unlawful force.

[However, a person is justified in the use of force which is intended or likely to cause death or great bodily harm only if he reasonably believes that such force is necessary to prevent [(imminent death or great bodily harm to [(himself) (another) (the commission of _____)].]" IPI Criminal 4th No. 24-25.06.

Furthermore, when the jury is instructed on self-defense or defense of another, the issues instruction should add the following proposition set forth in Illinois Pattern Jury Instructions, Criminal, No. 24-25.06A (4th ed. 2000) (hereinafter IPI Criminal 4th No. 24-25.06A): "That the defendant was not justified in using the force which he used." The trial court did *not* give this instruction.

¶ 18    The instructions given here for aggravated discharge of a firearm deviated from the pattern instructions in three respects. First, the definition instruction stated, "A person commits the offense of aggravated discharge of a firearm when he knowingly *and without legal justification* discharges a firearm in the direction of another person." (Emphasis added.) The pattern jury instruction does not include the words "and without legal justification." Second, the first proposition of the issues instruction was as follows: "That defendant knowingly *and without legal justification* discharged a firearm." (Emphasis added.) Again, the pattern jury instruction does not contain the words "and

without legal justification." The third deviation is the basis of defendant's argument on appeal: the issues instruction did not include the additional proposition set forth in IPI Criminal 4th No. 24-25.06A that "the defendant was not justified in using the force which he used."

¶ 19    Defendant argues that, because IPI Criminal 4th No. 24-25.06A was not given, the jury was not properly instructed that the State bore the burden of disproving defendant's self-defense/defense-of-another theory. We disagree. The jury was given IPI Criminal No. 24-25.06, which is the pattern instruction on self-defense and the defense-of-others. The jury was thus informed of the circumstances under which the use of force has legal justification. In turn, the issues instruction informed the jury that the State was required to prove beyond a reasonable doubt that defendant discharged a firearm "without legal justification." Thus, the jury effectively was informed that: (1) the State bore the burden of proving that defendant acted without legal justification; (2) if defendant acted in self-defense or the defense of another he did *not* act without legal justification; and (3) the State therefore bore the burden of proving beyond a reasonable doubt that defendant had *not* acted in self-defense or the defense of another.

¶ 20    Had the trial court used the pattern issues instruction including the additional proposition set forth in IPI Criminal 4th No. 24-25.06A, the jury would have been told that the State was required to prove that defendant "was not justified in using the force which he used." Instead, the court instructed that the State was required to prove that defendant discharged a firearm "without legal justification." Although phrased differently, the instructions given and the pattern instructions were identical in meaning and equally clear. Any error in the deviation from the pattern instructions was harmless and therefore, by definition, not plain error.

¶ 21    Defendant relies on four cases—*People v. Berry*, 99 Ill. 2d 499 (1984), *People v. Lowe*, 152 Ill. App. 3d 508 (1987), *People v. Getter*, 2015 IL App (1st) 121307, and *People v. Cacini*,

2015 IL App (1st) 130135—in which the juries were not given a pattern jury instruction on the State's burden of proof on the issue of self-defense or defense of another. In each case, the failure was plain error. Here, however, the additions to the pattern issues instruction (the insertion of the words "without legal justification"), considered in the context of the pattern instructions on self-defense and the defense of another, clearly and accurately conveyed the relevant principles. That was not the case in *Berry*, *Lowe*, *Getter*, and *Cacini*.

¶ 22    Having concluded that the trial court's failure to instruct the jury in accordance with IPI Criminal 4th No. 24-25.06A was harmless, we further conclude that defendant was not deprived of the effective assistance of counsel. There is no reasonable probability that, had that instruction been given, the outcome of the trial would have been different. Accordingly, there was no prejudice within the meaning of *Strickland.*

¶ 23                                        III. CONCLUSION

¶ 24    For the forgoing reasons, the judgment of the circuit court of Du Page County is affirmed.

¶ 25    Affirmed.