THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JOHN TARKOWSKI, Defendant-Appellant.

Second District     No. 80-911

Opinion filed May 18, 1982.—Rehearing denied June 16, 1982.

Mary Robinson and Manuel S. Serritos, both of State Appellate Defender's Office, of Elgin, for appellant.

Fred Foreman, State's Attorney, of Waukegan (Phyllis J. Perko and Nancie S. Hudell, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE UNVERZAGT delivered the opinion of the court:

Defendant, John Tarkowski, was charged by indictment on August 8, 1979, with six counts of forgery. The indictment alleged that on May 7, 1979, defendant, with the intent to defraud, delivered purported judgment orders entered by Judge Hubert F. Will of the United States District Court for the Northern District of Illinois, Eastern Division, to the following: (1) Chairman of the board of Lake County, through Kathleen Scheerlinck, (2) Dawn Marie Mardoian, clerk of the circuit court of Lake County, through Angela Weick, (3) Dennis P. Ryan, State's Attorney of Lake County, (4) Judge Thomas Doran, circuit judge of the 19th Judicial

Circuit, Lake County, (5) Lakeland Property Owners' Association, through Glynda Kupczak, president of the association and (6) Lakeland Property Owners' Association, through John Sloan, a private attorney, who represented that association.

This action stemmed from a civil rights suit that defendant attempted to file *pro se* in Federal district court in 1979 *in forma pauperis*. This motion to do so was conditionally granted by Judge Leighton of that court, but the order was subsequently revoked by Judge Hubert F. Will, to whom the case was assigned. Since defendant refused to pay the $15 filing fee, the suit was never properly filed and thus none of the named defendants were required to appear. Nevertheless, in May of 1979, the defendant sent letters accompanied by purported default judgments to the named defendants. The purported judgment orders were neither signed nor dated nor otherwise authenticated.

On August 21, 1979, defendant Tarkowski, represented by the public defender's office of Lake County, was arraigned on the indictment returned August 8, 1979, and entered a plea of not guilty to each of the six counts. On February 7, 1980, a second indictment was filed against the defendant. It was captioned as having been returned by the January Term grand jury, the number assigned was the same as the original indictment, but it was marked on the back "Amended Indictment for Forgery (5 counts)." It differed from the first indictment in three respects: (1) it dropped the count concerning Dennis P. Ryan, State's Attorney of Lake County; (2) it changed the date that Glynda Kupczak was allegedly served a copy of the purported judgment order from the date of May 7, 1979, to April 7, 1979, and (3) it stated that the purported judgment order delivered by the defendant appeared to have been entered by the authority of the clerk of the United States District Court for the Northern District of Illinois, Eastern Division, rather than by Judge Will.[1]

It appears this amended indictment was returned in open court and was in the court file from the date that it was filed. It further appears that a copy of the amended indictment was never formally served upon the public defender's office and the defendant was not re-arraigned nor served with a copy of the document. At the time that the trial was to

---

[1] Rule 55 of the Rules of Civil Procedure for the United States District Court provides:
"DEFAULT

(a) Entry. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter his default.

(b) Judgment. Judgment by default shall be entered as follows:

(1) *By the Clerk.* When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if he has been defaulted for failure to appear and if he is not an infant or incompetent person."

commence, the defendant was represented by an assistant public defender, but the defendant requested that the trial court appoint different counsel. The trial court appointed a private attorney who agreed to appear *pro bono* for the defendant. The public defender's file was given to the private attorney by the assistant public defender and this included only the original indictment. After the jury was impaneled, the private attorney claimed that she then first became aware that there was an amended indictment. The defendant claims not to have known of the amended indictment. The defendant's counsel then moved to have the charges dismissed for lack of juridiction. The trial court first reserved ruling on that motion and later denied it. Defendant Tarkowski was found guilty of one count of forgery regarding the delivery of the purported judgment order to the Lakeland Property Owners' Association, through Glynda Kupczak. He appeals on two bases: (1) that the trial court erred in allowing the State to proceed on the amended indictment which was never served upon the defendant and on which he was never arraigned and (2) that the State failed to prove him guilty beyond a reasonable doubt of forgery in that an essential element of the offense, that the document was apparently capable of defrauding another, was never established. We affirm as to both bases.

The defendant argues that he was denied the right to an arraignment under section 113—1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1979, ch. 38, par. 113—1), which provides in part as follows:

> "Before any person is tried for the commission of an offense he shall be called into open court, informed of the charge against him, and called upon to plead thereto. * * *."

He argues that he became aware the State was proceeding on an amended indictment only after the jury had been impaneled. His newly acquired *pro bono* counsel was also unaware of the new charging instrument. He argues that the assistant public defender had turned over her file, but a copy of the amended indictment was not included. That assistant public defender later testified that she had only received a copy of the first indictment.

■■ It is the State's position that the failure to arraign the defendant on the amended indictment was not error since it was not substantially different from the original indictment, notice of the amended indictment was given to the public defender, and defendant was not prejudiced by the amendment. The trial court denied the defendant's motion to dismiss and stated that it was denied the motion on the strength of section 113—6 of the Code of Criminal Procedure of 1963:

> "Effect of Failure to Arraign and Irregularity of Arraignment. Neither a failure to arraign nor an irregularity in the arraignment shall affect the validity of any proceeding in the cause if the de-

fendant pleads to the charge or proceeds to trial without objecting to such failure or irregularity." (Ill. Rev. Stat. 1979, ch. 38, par. 113—6.)

The defendant argues that this statute is inapplicable to the case at bar because the issuance of the amended indictment was completely unknown to the defendant and to his assistant public defender counsel and to his private counsel. He argues that thus he went to trial without knowing of the charges the State was to proceed on. The record is contrary to this assertion. Just prior to jury selection, the assistant public defender made a motion to dismiss the indictment. The motion was an attack on the grand jury proceedings which resulted in the amended indictment. The assistant public defender argued that the witness before the grand jury who was an assistant State's Attorney advised the grand jury that it could not find a no bill. In making that argument, the assistant public defender stated: "The initial, in fact, the initial indictment, when it came down, included a count in which the State's Attorney was the complaining witness." This argument is obviously an attack on the second indictment and shows that the assistant public defender knew that the second indictment did not contain a count alleging that Dennis P. Ryan, as State's Attorney, had been delivered a copy of the purported judgment order. It is apparent from this argument that the assistant public defender, prior to jury selection, was fully aware of what charges the amended indictment contained and was proceeding on that and, in fact, arguing to dismiss it, rather than the first indictment. After hearing the arguments on that motion, the trial court denied it and then asked if there were any other pretrial motions to be filed. The assistant public defender indicated there were none. It is apparent that the defendant was present for the arguments on these motions and immediately after the trial court's ruling the defendant requested that the court appoint a private attorney to represent him, arguing that he was dissatisfied with his public defender's representation. The private attorney was also apparently present since the judge asked the defendant and the private attorney to come back to his chambers to discuss the matter of representation out of the presence of the jury which, the record indicates, had entered the courtroom. The defendant asked that the private attorney represent him as *pro bono* counsel. The trial court stated that the matter was going to trial that morning and asked the private attorney if she was willing to come in at this stage. She replied that she was if Mr. Tarkowski still wanted her on that basis. The public defender was allowed to withdraw, the private attorney took up the representation and the public defender arranged to have her papers delivered to the private attorney in the courtroom. The jury was selected, and opening statements were made. The private defense attorney then moved for a dismissal on the ground that the trial court had no jurisdiction

since the defendant had never been arraigned on the charges and never entered a plea. In this case, the defendant did have knowledge of the contents of the original indictment and was arraigned on that indictment which charged the offense of forgery and set forth all of the essential elements of the charge. At a hearing held subsequent to the jury verdict, defendant's original attorney, the public defender, testified that he did in fact have knowledge that an amendment was forthcoming. The public defender testified that the State's Attorney informed him that an amended indictment had been obtained. No objection to the amendment was entered by the public defender, nor did he request a copy of the amended indictment. The assistant public defender handling the case was sufficiently aware of the information contained in the amended indictment to argue a motion to dismiss it and, in fact, in that argument referred to the "initial indictment." Although the defendant claims he had no knowledge of the amendment, the knowledge of an attorney is imputed to his client, notwithstanding whether such knowledge was actually communicated by the attorney. (*People ex rel. Rogers v. Elrod* (1975), 35 Ill. App. 3d 26, 28.) We therefore hold that section 113—6 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1979, ch. 38, par. 113—6) governs this matter and that failure to arraign does not affect the validity of the proceeding since the defendant proceeded to trial without objection.

We further find that the three changes made between the original indictment and the amended indictment were not substantial and that defendant has shown no prejudice to his defense resulting from the amendments.

The defendant's second contention is that he was not proved guilty of forgery beyond a reasonable doubt. He claims this because an essential element of the crime, that the document was apparently capable of defrauding another, was never established.

■■ It is well established that apparent ability to defraud another is an essential element of forgery. (Ill. Rev. Stat. 1979, ch. 38, par. 17—3(a)(1).) The test of whether a document has the apparent ability to defraud another is whether a reasonable and ordinary person might be deceived into accepting the document as true and genuine. (*Goodman v. People* (1907), 228 Ill. 154.) It is not necessary that the forged instrument be so skillfully prepared it requires an expert to detect it. (228 Ill. 154, 158; see also *People v. Kent* (1976), 40 Ill. App. 3d 256.) Further, it is not necessary that another actually be defrauded (*People v. Douglas* (1980), 86 Ill. App. 3d 668), and the instrument need not be in "due legal form" to be found capable of defrauding another (*People v. D'Andrea* (1935), 361 Ill. 526, 533). Ultimately, this question is one of fact for the jury. As the court stated in *People v. Kent* (1976), 40 Ill. App. 3d 256, 261-62:

"It is the province of the jury to decide whether the document at

issue might under the circumstances deceive the person to whom it was tendered into accepting it as genuine. * * * [We] would allow the jury, in an appropriate situation, to determine whether the State has proved all the elements of the crime of forgery beyond a reasonable doubt."

■■ In the instant matter, Glynda Kupczak testified that when she received the purported judgment order against the Lakeland Property Owners' Association for $30,750,000, along with a cover letter requesting that she arrange for payment, she believed the document to be a valid judgment order. She testified that she consulted two attorneys over a period of one week before finally determining that the order was invalid. Since there is nothing in the record to indicate that Glynda Kupczak had any experience with the law of legal documents, the fact that the order she received was undated, unsigned and unverified is not decisive. Further, as the State points out, the document did not purport to be the original order, since the original order would have been filed in the courthouse, but only evidence of the order.

Defendant argues that the unsigned order received by Kupczak was analogous to an unsigned check. However, this argument is without merit since an ordinary reasonable layman is obviously more familiar with the requirements of a negotiable check than those of a valid judgment order. Further, a document need not be in "due legal form" (*People v. D'Andrea* (1935), 361 Ill. 526, 533) to be found capable of defrauding another. Thus, it appears the decision of the jury that the purported default order had the apparent capability to defraud a reasonable and ordinary person should not be disturbed, since it is supported by the evidence adduced at trial. We affirm.

Judgment affirmed.

NASH and REINHARD, JJ., concur.