THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GEORGE W. MATTINGLY, Defendant-Appellant.

Fourth District   No. 4—88—0379

Opinion filed March 23, 1989.—Rehearing denied April 14, 1989.

Daniel D. Yuhas and Gloria A. Carroll, both of State Appellate Defender's Office, of Springfield, for appellant.

Lawrence R. Fichter, State's Attorney, of Decatur (Kenneth R. Boyle, Robert J. Biderman, and Rebecca L. White, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LUND delivered the opinion of the court:

On March 29, 1988, defendant George W. Mattingly was tried *in absentia* before a jury in the circuit court of Macon County and was convicted of committing the offense of forgery, in violation of section 17—3 of the Criminal Code of 1961 (Ill. Rev. Stat. 1987, ch. 38, par. 17—3). He was sentenced *in absentia* to four years' imprisonment. Defendant now appeals, alleging the jury was misinstructed as to the elements of the offense and he was improperly sentenced. We affirm.

The evidence at trial established defendant resided with Jeff Montgomery for two weeks in September 1986. On October 10, Montgomery discovered a book of checks missing. He went to his bank and discovered one of the checks had been presented and cashed. The check was made payable to George Mattingly in the amount of $500 and was signed Jeff Montgomery. Montgomery did not sign the check.

On July 21, 1987, defendant was interviewed and denied any knowledge of the check. At that time, defendant gave handwriting samples. An expert testified that the writer of the samples was the one who endorsed the check.

On January 10, 1988, defendant was reinterviewed and advised of the expert's opinion. Defendant stated a black man known as Bubba gave him the check already filled out. Another man known as Cheta drove him to the bank where defendant endorsed and cashed the check. Defendant received $50 for his efforts. He also knew Bubba was not Jeff Montgomery.

The State tendered two issues instructions on forgery, alleging in one that defendant made the check, and in the other that defendant delivered the check. It also tendered two sets of verdict forms. These were given over defendant's objection to the multiple instructions. Defendant was found guilty of having delivered the check and not guilty of having made it.

Defendant first argues that the jury was misinstructed concerning the elements of the offense of forgery. He believes this error denied him a fair trial and requires reversal.

The instruction in question read:

"To sustain the charge of forgery, the State must prove the following proposition:

FIRST: That the defendant knowingly issued or delivered a check which he knew had been made or altered so that it appeared to have been made by another or by authority of one who did not give such authority.

SECOND: That the defendant did so with intent to defraud South Shores National Bank of Decatur."

This instruction complies with the Illinois Pattern Jury Instructions, Criminal, No. 13.26 (2d ed. 1981). The statutory definition of forgery also includes a requirement that the document be "apparently capable of defrauding another." (Ill. Rev. Stat. 1987, ch. 38, par. 17—3(a)(1).) The committee notes to that instruction indicate the issue of whether a document is apparently capable of defrauding is a question of law, and the jury need not be instructed on this.

However, it is now settled that this issue is an element of the offense. (*People v. Hockaday* (1982), 93 Ill. 2d 279, 282, 443 N.E.2d 566, 567; *People v. Tarkowski* (1982), 106 Ill. App. 3d 597, 601, 435 N.E.2d 1339, 1343.) It is similarly accepted that it is not a question of law but is a question for the fact finder. (*People v. Kent* (1976), 40 Ill. App. 3d 256, 261, 350 N.E.2d 890, 894; *Tarkowski*, 106 Ill. App. 3d at 601-02, 435 N.E.2d at 1343.) In fact, in 1987, the pattern instructions were amended to include this language. (See Illinois Pattern Jury Instructions, Criminal, No. 13.26 (2d ed. Supp. 1987).) Thus, it is evident the given instruction was erroneous.

The State observes that defendant's sole objection to the instructions was to the tendering of two definitional instructions and two sets of verdicts, and was not addressed to the error raised here. Accordingly, the State maintains that any allegation of such error is waived.

■■ It is settled that failure to object at trial to an asserted error in jury instructions waives the issue. (*People v. Berry* (1984), 99 Ill. 2d 499, 503, 460 N.E.2d 742, 743; *People v. Huckstead* (1982), 91 Ill. 2d 536, 543, 440 N.E.2d 1248, 1251; *People v. Roberts* (1979), 75 Ill. 2d 1, 14, 387 N.E.2d 331, 337.) It is also established that a party may not raise, on appeal, the failure to give an instruction unless he tendered it at trial. (*Huckstead*, 91 Ill. 2d at 543, 440 N.E.2d at 1251; *People v. Tannenbaum* (1980), 82 Ill. 2d 177, 180, 415 N.E.2d 1027, 1029.) Additionally, objections not raised in a post-trial motion are deemed waived for appellate review. *Berry*, 99 Ill. 2d at 503, 460 N.E.2d at 744; *Huckstead*, 91 Ill. 2d at 543, 440 N.E.2d at 1251.

■ However, the waiver rule is not absolute. Supreme Court Rule 451(c) (107 Ill. 2d R. 451(c)) sets forth a limited exception which allows the review of substantial defects in instructions if the interests of justice require. (See also *Berry*, 99 Ill. 2d at 503-04, 460 N.E.2d at 744; *Huckstead*, 91 Ill. 2d at 544, 440 N.E.2d at 1251.) This exception will be invoked to correct grave errors or in cases so close factually that fundamental fairness requires that the jury be properly instructed. *Huckstead*, 91 Ill. 2d at 544, 440 N.E.2d at 1252; *Tannenbaum*, 82 Ill. 2d at 182, 415 N.E.2d at 1030.

Defendant maintains our supreme court has determined that any case involving an error in instructions on the elements of the offense is such that it arises to plain error and defeats application of the waiver rule. He relies on language in the recent case of *People v. Reddick* (1988), 123 Ill. 2d 184, 198, 526 N.E.2d 141, 147, where the court stated:

> "We have previously held that certain instructions, such as the burden of proof and elements of the offense, are essential to a fair trial and that the failure to give such instructions constitutes grave error when, viewing the record as a whole, it appears that the jury was not apprised of the People's burden of proof. (*People v. Berry* (1984), 99 Ill. 2d 499; *People v. Roberts* (1979), 75 Ill. 2d 1, 13; *People v. Jenkins* (1977), 69 Ill. 2d 61.)"

However, our review of the cases cited in *Reddick*, as well as others, establishes that defendant is reading the above language too expansively in asserting a *per se* rule for avoiding application of the waiver rule has evolved. This review establishes that the most important phrase in the above-quoted language is "viewing the record as a whole," and that the determination of plain error is still made on a case-by-case basis.

In *People v. Jenkins* (1977), 69 Ill. 2d 61, 370 N.E.2d 532, the jury had been given two sets of issues instructions which had conflicting provisions. The court determined that this conflict left the jury in such a quandary as to which law to follow that it necessitated a finding of grave error defeating application of the waiver rule.

Shortly thereafter, in *Roberts*, the court applied the waiver rule when the jury had been misinstructed on the definition of murder as considered in the context of the offense of attempt (murder). The court gave a long analysis of the rule of waiver and the plain error exception. The court noted the exception has a very limited application. It concluded that in that case there was no grave error nor was the case factually close.

In 1980, the court in *Tannenbaum* again applied the waiver rule without exception. There, the jury was not instructed to find if the value of the stolen merchandise exceeded the felony amount. The court failed to find the existence of the plain error exception to the waiver rule, observing that "the evidence here is overwhelming and uncontradicted in each case that the value of the stolen property greatly exceeded $150." *Tannenbaum*, 82 Ill. 2d at 182, 415 N.E.2d at 1030.

In *People v. Ogunsola* (1981), 87 Ill. 2d 216, 429 N.E.2d 861, the court did apply the plain error exception. There, the jury instructions

in the deceptive practices case failed to include the element of acting with an intent to defraud. The court observed that this case was consistent with *Tannenbaum* and, in explaining the different conclusions, stated:

> "There [*Tannenbaum*], the jury was given all instructions essential to determine the defendants' guilt or innocence of theft; the lack of an instruction on the element of the value of the property stolen did not affect that determination. Further, in *Tannenbaum* there was no dispute as to the value of the property. Here the omission removed from the jury's consideration a disputed issue essential to the determination of defendant's guilt or innocence." *Ogunsola*, 87 Ill. 2d at 223, 429 N.E.2d at 865.

In *Huckstead*, the jury was not instructed that the State had the burden of proving beyond a reasonable doubt that the defendant was not justified in using force. The court concluded the error was waived, and neither branch of the plain error exception applied. It acknowledged the reversals in *Jenkins* and *Ogunsola*, but explained those decisions were due to the facts of those cases. The court referred back to *Roberts*, where, "this court, stressing the restrictive nature of the exception to the waiver rule created by Rule 451(c), stated that the 'grave error' and 'closely balanced evidence' tests create a limited exception that is 'applicable only to serious errors which severely threaten the fundamental fairness of the defendant's trial.'" *Huckstead*, 91 Ill. 2d at 547, 440 N.E.2d at 1253.

Finally, in *Berry*, the court addressed a case involving the same error as that in *Huckstead*. The court again noted the limited application of the exceptions to the waiver rule, stating:

> "This court strives to apply the waiver rules narrowly and consistently in conformity with the posture of the United States Supreme Court (see generally *Henderson v. Kibbe* (1977), 431 U.S. 145, 154, 52 L. Ed. 2d 203, 212, 97 S. Ct. 1730, 1736, where the Court stated: 'It is the rare case in which an improper instruction will justify reversal of a criminal conviction where no objection has been made in the trial court') ***." (*Berry*, 99 Ill. 2d at 506, 460 N.E.2d at 745.)

However, under the facts of this particular case, the court determined that the plain error exception should apply because the case was close factually, and the error was grave.

In *Reddick*, the jury had been misinstructed on the burden of proof concerning mitigating mental conditions. The court concluded grave error occurred, and the plain error exception to the waiver rule

applied. However, the court did not change any of the analysis on this question and, as noted, cited *Berry*, *Roberts*, and *Jenkins* favorably.

Thus, it is evident the analysis of the question of plain error has not changed. It is still a limited exception available only when a critical error has severely threatened the fundamental fairness of the defendant's trial. *Berry*, 99 Ill. 2d at 507, 460 N.E.2d at 745; *Huckstead*, 91 Ill. 2d at 547, 440 N.E.2d at 1253; *Roberts*, 75 Ill. 2d at 15, 387 N.E.2d at 337-38.

■ Applying this analysis to the present case clearly establishes that the plain error exception does not apply. First, the evidence was not closely balanced. Second, the question of whether the check was apparently capable of defrauding another was not "a disputed issue essential to the determination of defendant's guilt or innocence." Thus, *Tannenbaum* seems analogous, and the error is not grave. Further, the document in question was a preprinted bank check. It is readily apparent this is capable of defrauding another. It is inconceivable that the failure to instruct on this element is an error that has severely threatened the fundamental fairness of the defendant's trial.

■ Defendant next contends the court considered improper factors in imposing sentence which mandates that a new sentencing hearing be held. In sentencing the defendant, the court stated:

"Getting to the findings on which to base the sentence, we first consider probation. In this case several reasons would rule it out. Number [one], it would be impossible to place a person [on] probation who couldn't comply with the first term of reporting, he is a fugitive.

So, we start out with probation not working, ruled out. Number one, it would be impossible to place a person on probation who couldn't comply with the first terms of reporting. Ruled out. Secondly, we wouldn't put him on probation, he is wanted in another state at the present time on a serious offense, and any time, I assume, they could come here, come in and try to obtain jurisdiction of his person. He has a burglary charge pending in North Carolina. Third there is no foundation for probation, none of the facts and circumstances set forth in the presentence report. He would be a very poor candidate. I don't think the minimum is appropriate. I wouldn't go to the maximum. There are, according to my presentence report, there are three prior theft convictions. I think that he has been unemployed. Other information is unavailable because he is a fugitive. I am going to sentence him to the Department of Corrections for a period of four years, as recommended."

Defendant maintains consideration of his pending burglary charge and his unemployment is inappropriate.

We initially observe defendant did not object when the court considered the improper factors. Neither did the defendant file a post-sentencing motion concerning these points. Recently, in *People v. Killings* (1986), 150 Ill. App. 3d 900, 909, 501 N.E.2d 1363, 1369, we determined that failure to do so waives any alleged error concerning consideration of improper sentencing factors, a holding which also applies to the present case.

■ Even if we consider the merits, it is apparent no reversible error exists. Defendant is correct that a mere arrest, standing alone, without further proof of the conduct alleged is impermissible at a sentencing hearing (*People v. Thomas* (1983), 111 Ill. App. 3d 451, 454, 444 N.E.2d 288, 290), and that the mere fact of unemployment is not a proper factor to consider in aggravation. (*People v. Birge* (1985), 137 Ill. App. 3d 781, 792, 485 N.E.2d 37, 45.) However, where it can be determined from the record that the weight placed on the improperly considered aggravating factor was so insignificant that it did not lead to a greater sentence, remandment is not required. *People v. White* (1986), 114 Ill. 2d 61, 67, 499 N.E.2d 467, 469; *People v. Bourke* (1983), 96 Ill. 2d 327, 332, 449 N.E.2d 1338, 1340.

In the present case, it is clear the court did not consider the pending burglary as an aggravating factor, but only mentioned it as a reason for denying probation. It is also clear that the first and foremost reason for denying probation was the defendant's failure to appear for his trial and sentencing. Similarly, it is evident that the reference to defendant's unemployment was only made in passing and did not enhance the sentence. Rather, the court relied on defendant's criminal record and his failure to appear, which the State argued in aggravation.

■ Since the improper factors had a negligible impact, no reason exists to remand for a new sentencing.

The judgment of the circuit court of Macon County is affirmed.

Affirmed.

SPITZ and GREEN, JJ., concur.