70 F.3d 1275
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
John TARKOWSKI, Plaintiff-Appellant,
v.
COUNTY OF LAKE, Michael J. Waller, State's Attorney of Lake
County, Larry Clark, Assistant State's Attorney, Robert
Streicher, Director of Building and Zoning Department,
August J. Hibel, Chief Inspector of the Building and Zoning
Department, Angelo D. Kyle, County Board Member, Defendants-Appellees.
 No. 95-1078.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 9, 1995.*
Decided Nov. 14, 1995.
As Amended Nov. 17, 1995.
Rehearing Denied Dec. 8, 1995.
 
 Before CUMMINGS, KANNE and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 John Tarkowski appeals from the dismissal of his civil rights suit against Lake County and several county officials. 42 U.S.C. Secs. 1981, 1983. We affirm.
 
 
 2
 Tarkowski filed suit against Lake County, the Lake County State's Attorney, an assistant State's Attorney, the Director and the Chief Inspector of the Building and Zoning Department, and a Lake County Board member for violating his civil rights in several different instances, all connected with a 16-acre farm Tarkowski owns in Lake County.[1] Tarkowski requested to proceed in forma pauperis. After analyzing Tarkowski's seven claims, the court dismissed six counts and allowed Tarkowski to proceed in forma pauperis on one count of improper search. Because three of the six defendants were named only in the dismissed counts the court dismissed them from the action. Tarkowski refused to participate any further in the proceedings, and the court dismissed the action for lack of prosecution.
 
 I. Dismissal under Sec. 1915(d)
 
 3
 Tarkowski argues that the district court improperly dismissed Counts I, III, IV, V, VI, and VII under 28 U.S.C. Sec. 1915(d). He contends both that the district court should not have dismissed the counts, and that it was improper for the court to dismiss all but Count II before all the defendants were served.
 
 
 4
 The district court has authority to dismiss a complaint brought in forma pauperis if the complaint's factual allegations and legal conclusions lack an arguable basis either in law or in fact Neitzke v. Williams, 490 U.S. 319, 324-25 (1989). Under Sec. 1915(d), judges have the "unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992) (quoting Neitzke, 490 U.S. at 327). The courts may dismiss frivolous complaints "sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." Neitzke, 490 U.S. at 324. There was no impropriety in the court's dismissing the counts before the defendants had been served.
 
 
 5
 Tarkowski argues that the dismissal without service renders the judgment non-binding for lack of jurisdiction over the defendants. Here, however, he misunderstands the purpose of Sec. 1915(d). Such a dismissal is not a judgment on the merits. It is an exercise of the court's discretion. Denton, 504 U.S. at 33. The in forma pauperis statute was created to allow indigent litigants, who might otherwise be barred by poverty, to file actions in federal courts, but Congress limited Sec. 1915 to avoid the abuse which might occur when litigants do not have " 'an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.' " Id. at 31 (quoting Neitzke, 490 U.S. at 324). The dismissal does not bar Tarkowski from bringing the same suit and paying the required filing fee if he wishes to pursue this cause of action. Billman v. Indiana Dept. of Corrections, 56 F.3d 785, 787 (7th Cir.1995).[2]
 
 
 6
 Tarkowski also argues that the counts were substantive enough to survive defendant's motion to dismiss. We review dismissal under Sec. 1915(d) for an abuse of discretion. Denton, 504 U.S. at 33; cf. Billman, 56 F.3d at 787 ("En route to determining that a claim is frivolous, the district court must determine whether it is legally insufficient, an issue purely of law on which appellate review is plenary."). After reviewing Tarkowski's claims, we conclude that there was no abuse of discretion because the dismissed counts have no arguable basis in law.
 
 
 7
 Count I only recites Tarkowski's past experiences with the legal system. Because it states nothing that could constitute a claim, it was properly dismissed.
 
 
 8
 Counts III, IV, V, and VI address specific state civil legal proceedings with which Tarkowski has been involved. Because these claims merely try to attack state court judgments, they are barred by the Rooker-Feldman doctrine. Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). Under Rooker-Feldman, "a United States District Court has no authority to review final judgments of a state court in judicial proceedings." Feldman, 460 U.S. at 482. Where the constitutional claims presented to the federal court are "inextricably intertwined" with the state court's ruling, the federal court "is in essence being called upon to review the state court decision." Id. at 483 n. 16. "It is settled that 'a plaintiff may not seek a reversal of a state court judgment simply by casting his complaint in the form of a civil rights action," ' Ritter v. Ross, 992 F.2d 750, 754 (7th Cir.1993), cert. denied, 114 S.Ct. 694 (1994) (citation omitted), but that is exactly what Tarkowski has attempted to do. The counts were properly dismissed because Tarkowski's only recourse was to appeal through the state court system, and then petition for certiorari to the United States Supreme Court. The lower federal courts are unable to entertain claims in which, as here, a plaintiff simply wants to undo a previous state order. Nesses v. Shepard, No. 93-3928, slip op. at 2 (7th Cir. Oct. 10, 1995).
 
 
 9
 Count III involves a 1991 mandamus action which Tarkowski filed over the valuation and taxation of his property. In effect, he asks this Court to overturn the adverse judgment of the Illinois state court.[3] Count IV concerns an Illinois state court's adverse disposition of a 1993 mandamus action and a denial of an administrative appeal of a zoning board decision. Again, the relief Tarkowski requests from this Court would require us to reverse an Illinois state court decision. Count V alleges a deprivation of property rights without due process because Tarkowski was denied an in forma pauperis appeal of a zoning board decision. Tarkowski, however, states in his complaint that he raised this claim during the Count IV mandamus action and it was rejected. Once more he wants this Court to overturn a state decision adverse to his position. Finally, Count VI involved a 1993 public nuisance action the defendants brought against Tarkowski, who alleges that the prosecution is part of a conspiracy "to remove low-income, blue-collar minorities and indigent senior citizens out of the county by malicious prosecution." He also complains that he was refused removal to the district court, refused discovery, and sued under a repealed ordinance. The latter claims too are "inextricably intertwined" with the state court judgment and beyond review. If Tarkowski's petition for removal was denied improperly by a federal district court in this circuit, he should have made a timely appeal to this Court.
 
 
 10
 Count VII presents a malicious prosecution claim. Tarkowski asserts that he has been subjected to harassment over the past 30 years as part of a pattern of discrimination against blue-collar persons and low-income, elderly citizens and has repeatedly been denied equal protection because the courts have failed to appoint counsel to represent him. Tarkowski, however, has no constitutional right to be represented by counsel in a civil case. Farmer v. Haas, 990 F.2d 319, 323 (7th Cir.), cert. denied, 114 S.Ct. 438 (1993). Thus, the refusal to appoint counsel for Tarkowski cannot be a constitutional violation. Moreover, Tarkowski cannot establish the elements of malicious prosecution. He would have to show that the defendants have instituted a prior criminal proceeding against him, in which he was victorious, and they did so with malice and without probable cause. See Curtis v. Bembenek, 48 F.3d 281, 286 (7th Cir.1995); Heck v. Humphrey, 114 S.Ct. 2364, 2371 (1994). Tarkowski, however, is generally involved with civil suits that he instituted. While Tarkowski was prosecuted criminally, he was convicted, not acquitted. People v. Tarkowski, 435 N.E.2d 1339 (Ill.App.Ct.1982). Contrary to Tarkowski's Count VII, as this Court stated, "the evidence that Tarkowski's suits were baseless and intended merely to harass the defendants is found in the records of numerous judicial proceedings." Tarkowski v. County of Lake, 775 F.2d 173, 175 (7th Cir.1985). This count was properly dismissed as insufficient.
 
 
 11
 Tarkowski contests the dismissal of Count II for want of prosecution only indirectly, by arguing that the district court had no jurisdiction to hear his claim after he requested recusal under 28 U.S.C. Sec. 144. He does not argue that the court erred in dismissing Count II for want of prosecution; in fact, he admits in his opening brief that he deliberately refused to participate further in the proceedings before the district court. Because we have determined that the district court acted properly in the matter of recusal, as discussed below, we affirm the dismissal of Count II. We will not reach the merits of the claim, as Tarkowski would have us do. A litigant may refuse to comply with a court order that he considers erroneous, wait for judgment, and then appeal. If the litigant is wrong, however, he cannot escape the consequences of his choice. He must accept the appellate court's affirmance of the district court's order. Owens-Corning Fiberglass Corp. v. Moran, 959 F.2d 634, 636 (7th Cir.1992).
 
 II. Recusal under 28 U.S.C. Sec. 144
 
 12
 Tarkowski argues that the district court did not have jurisdiction to hear his claim after he filed a request for recusal under 28 U.S.C. Sec. 144. He would have us vacate all actions taken after August 4, 1994, the date of his request, including the dismissal of Count II.[4] We review a request under 28 U.S.C. Sec. 144 de novo, United States v. Sykes, 7 F.3d 1331, 1339 (7th Cir.1993), and hold that the district court acted properly regarding recusal.
 
 
 13
 28 U.S.C. Sec. 144 provides that whenever a party files a "timely and sufficient affidavit" that the judge of the party's case has a "personal bias or prejudice" the case shall be assigned to a different judge. Recusal is mandatory once a party complies with the statutory requirements. Sykes, 7 F.3d at 1339. The bias must be personal rather than judicial, and "[t]he facts averred must be sufficiently definite and particular to convince a reasonable person that bias exists; simple conclusions, opinions, or rumors are insufficient." Id. The statute's requirements are construed strictly. Id.
 
 
 14
 Tarkowski has not met the statutory requirements, and thus the district court acted properly. First, Tarkowski's affidavit was not filed, as that term is defined in the Federal Rules of Civil Procedure, Fed.R.Civ.P. 5(e), until well after the disposition of the entire case. Tarkowski merely sent his letter and affidavit to the judge's chambers, and he makes no showing that the judge ever saw it.
 
 
 15
 Even if it had been filed properly, however, the affidavit exhibits no personal bias. Tarkowski claims that the district court demonstrates bias because its order mentions information that could only have come from extrajudicial sources, but he does not specifically identify facts which could only have come from such sources. He takes particular exception to the court's use of an electronic database to research his litigation history. We believe that use of a common, generally-available research tool falls far short of showing extrajudicial contacts, much less personal bias. He also points to the fact that the defendants, who were not served until September, knew about the July order dismissing most of Tarkowski's claims. Again, this is not evidence of improper contact, as court records are publicly-available documents on file with the court, and are of particular interest to the litigating parties.
 
 
 16
 Tarkowski also claims that the court's pre-bench professional activities bias the court against Tarkowski. This allegation would more properly be brought under 28 U.S.C. Sec. 455(b), which addresses situations under which judges should disqualify themselves. Regarding previous professional activities, however, Sec. 455 only requires disqualification where the judge or another member of the judge's former law firm worked on the matter in controversy while the judge was with the firm, Sec. 455(b)(2), or where a judge who was formerly in government service actually worked on the matter in controversy, Sec. 455(b)(3). Tarkowski's allegations concern only other matters and thus do not implicate Sec. 455(b).
 
 III. Refusal to Appoint Counsel
 
 17
 Tarkowski also claims that the district court denied him, as an indigent, equal protection when it refused to appoint counsel to represent him. He contends that denying him counsel also denies him any meaningful access to the courts.
 
 
 18
 Plaintiffs have no constitutional or statutory right to counsel in federal civil cases. Farmer v. Haas, 990 F.2d 319, 323 (7th Cir.), cert. denied, 114 S.Ct. 438 (1993). The district court may choose to appoint counsel, 28 U.S.C. Sec. 1915(d), but is not required to do so. Because Tarkowski has no right to counsel, he cannot establish that the refusal to appoint counsel violated his rights.
 
 
 19
 We review the district court's decision over whether to appoint counsel only for abuse of discretion, "which we shall override only in that extreme case in which it should have been plain beyond doubt before the trial began that the difficulty of the issues relative to the capabilities of the litigant would make it impossible for him to obtain any sort of justice without the aid of a lawyer." Farmer, 990 F.2d at 323. The proper questions are: "given the difficulty of the case, did the plaintiff appear to be competent to try it himself and, if not, would the presence of counsel have made a difference in the outcome?" Id. at 322.
 
 
 20
 Here we cannot conclude that it was unreasonable for the district court to conclude Tarkowski was competent to try his case himself. The remaining count, a Fourth Amendment improper search claim, was not extraordinarily complex. Moreover, Tarkowski is a frequent litigant who has some knowledge of the law and of legal research. There were "none of those 'pitfalls that confront laymen in dealing with nonintuitive procedural requirements applied in a setting of complex legal doctrine' " in which appointing counsel is desirable. Id. at 322.
 
 IV. Complaint to the Judicial Council
 
 21
 Tarkowski also requests this court to review both his allegations of judicial misconduct and the dismissals of the complaints that he submitted to the Chief Judge and the Judicial Council. We have no jurisdiction to do so. "Except as expressly provided in this paragraph, all orders and determinations, including denials of petitions for review, shall be final and conclusive and shall not be judicially reviewable on appeal or otherwise." 28 U.S.C. Sec. 372(c)(10). According to the statute, aggrieved persons must file a complaint about judicial behavior which is "prejudicial to the effective and expeditious administration of the courts" with the Chief Judge of the circuit. 28 U.S.C. Sec. 372(c)(1). A complainant aggrieved by an order of the Chief Judge may appeal to the Judicial Council, 28 U.S.C. Sec. 372(c)(10), but only if the Judicial Council took action pursuant to 28 U.S.C. Sec. 372(c)(6). Subsection (c)(6), however, applies solely when the Chief Judge has failed to respond to a complaint. See 28 U.S.C. Secs. 372(c)(4), (5), and (6). Here, the Chief Judge acted upon Tarkowski's complaint. Thus, subsection (c)(6) and, consequently, the appeal provisions of subsection (c)(10) are inapplicable. Tarkowski has no further remedy.
 
 V. State Court Criminal Conviction
 
 22
 Finally, Tarkowski challenges an Illinois state forgery conviction. He maintains that the court had no jurisdiction to convict him. We refuse to consider this claim. Not only is the claim not properly on appeal (it was never argued in the district court), but also, and more importantly, we find no basis upon which we might have jurisdiction to entertain it.
 
 
 23
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement has been filed. Accordingly, the appeal is submitted on the briefs and the record
 
 
 [1]
 This is not the first suit involving these parties. Over the past thirty years, Tarkowski has been involved in a number of suits, all connected to his use of this property. See, e.g., Bartlett v. Tarkowski, 347 N.E.2d 415 (Ill.App.Ct.1976); Tarkowski v. Robert Bartlett Realty Co., 644 F.2d 1204 (7th Cir.1980); Tarkowski v. Hoogasian, 532 F.Supp. 791 (N.D.Ill.1982); Tarkowski v. Bartlett, No. 74 C 2976, 1992 WL 678444 (N.D.Ill. Mar. 23, 1992), aff'd, 23 F.3d 410 (7th Cir.1994); Tarkowski v. Illinois Pollution Control Bd., 387 N.E.2d 1302 (Ill.App.Ct.1978); Tarkowski v. County of Lake, 1985 WL 2418 (N.D.Ill. Aug. 30, 1985); Tarkowski v. County of Lake, 1986 WL 2018 (N.D.Ill. Feb. 7, 1986); Tarkowski v. Bartlett, 1992 WL 67844 (N.D.Ill. Mar. 23, 1992)
 
 
 [2]
 The district court committed, at the least, a technical error when it dismissed Tarkowski's claims with prejudice. Billman, 56 F.3d at 787. Section 1915(d) only authorizes a court to deny leave to proceed in forma pauperis if it determines that a suit is frivolous. Id. "The plaintiff can then try to scrape together the funds required for filing a paid suit, and if he succeeds, and refiles the suit, the question of dismissal on the pleadings will be evaluated under Rule 12 of the Federal Rules of Civil Procedure." Id. The district court's error is substantial if the suit was not frivolous. Id. In this case, however, because the dismissed claims have no arguable basis in law and are frivolous, the error was merely technical
 
 
 [3]
 Additionally, 28 U.S.C. Sec. 1341 states "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." Illinois law affords taxpayers such a remedy. Rosewell v. LaSalle National Bank, 450 U.S. 503, 515 (1981). Thus, this claim would be barred even if Rooker-Feldman did not apply
 
 
 [4]
 Tarkowski also complains of the denial of his attempt to appeal to the United States Supreme Court about the dismissal of the other six counts. He was not entitled, however, to appeal to that Court: not only was the district court's order not yet final as required for appeal to this Court, 28 U.S.C. Sec. 1291, Fed.R.Civ.P. 54(b), but the United States Supreme Court may only hear appeals directly from a district court in very limited types of cases not applicable here. See 28 U.S.C. Sec. 1253