NO. 4-01-0177

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from

Plaintiff-Appellee, ) Circuit Court of

v. ) Champaign County

FRANK JAMES, SR., ) No. 00CF1454

Defendant-Appellant. ) 

) Honorable

) Jeffrey B. Ford,

) Judge Presiding.

_______________________________________________________________

JUSTICE KNECHT delivered the opinion of the court:

After a January 2001 trial, a jury convicted defendant, Frank James, Sr., of predatory criminal sexual assault of a child (720 ILCS 5/12-14.1(a)(1) (West 1998)).  In February 2001, the trial court sentenced him to 28 years' imprisonment.  Defendant appeals, arguing (1) plain error occurred when the trial court instructed the jury with a modified pattern jury instruction that stated "sexual penetration" means any contact, however slight, between the sex organ of one person "and an object 
or
 
finger
" (emphasis added) of another; (2) plain error occurred when the court instructed the jury that defendant could be convicted if the jury found his actions were reckless; (3) the court erred in denying a new trial based on the prosecutor's closing remarks; (4) admission of out-of-court statements by the complaining witness to others (725 ILCS 5/115-10 (West 1998)) violated defendant's confrontation clause rights (U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, §8); (5) his attorney was constitutionally ineffective for failing to object to improper jury instructions, the prosecutor's closing argument remarks, and admission of hearsay statements; and (6) the truth-in-sentencing provision is unconstitutional in that it treats similarly situated individuals dissimilarly and is not rationally related to its espoused purposes.  We reverse.

I. BACKGROUND

The State charged defendant with one count of predatory criminal sexual assault of a child in that he "placed his finger in the sex organ" of A.L.  The charges arose from an incident which occurred on the evening of March 6, 2000.  Defendant was visiting in the home of his granddaughter, K.L., her sister, A.L., and the mother of both girls, Stephanie L.  K.L. was six years old and A.L. was nine.  Stephanie drove defendant home and both girls accompanied her.  When they arrived at defendant's home, defendant asked Stephanie if the girls could come in for a moment so that he could give them some candy.  Defendant had given the girls candy before and Stephanie allowed the girls to go in with defendant while she remained in her car.

A.L. testified when she and K.L. entered defendant's home she got a piece of candy.  Defendant told K.L. to remain downstairs and he picked up A.L. and took her upstairs.  A.L. was wearing shorts and defendant reached inside her shorts and underwear and touched her with two fingers.  When asked where she was touched, A.L. pointed to the lower part of her body below the waist.  A.L. stated the word she used for that part of her body was "private part."  She stated this part was close to her legs and had an inside and outside.  She stated defendant touched her inside.  This took only a short time.  A.L. then went back downstairs, took hold of K.L.'s hand, and returned to Stephanie's car.  There she told her mother "[defendant] touched me."

K.L. testified she remembered a night when defendant gave her candy.  He took A.L. upstairs.  When she and A.L. left, they went to their mother's car and A.L. had been crying.

Stephanie testified the girls were gone no longer than five minutes.  She told the police on March 6, 2000, the girls were inside only two to three minutes.  A.L. was crying when she returned and told Stephanie defendant had touched her.  Defendant came out of his home and Stephanie approached him and asked him "what did you do touching my daughter?"  Defendant acted like he did not know what she was talking about and gave no explanation.

Returning home, Stephanie called the police and an officer came and interviewed her and the two girls at their home.  Later, an officer called and instructed her to take A.L. to a hospital emergency room.

At the hospital, Sue Bacevich, a nurse practitioner, examined A.L.  A.L. told Bacevich defendant put his finger in her "private part."  When asked to indicate to Bacevich where exactly defendant touched her, A.L. referred to nothing more specific than "the area between her legs."  Upon examining A.L., Bacevich noted three little abrasions at the very bottom of the vaginal opening, at the posterior, between the vagina and the rectum.  Bacevich found this to be consistent with A.L.'s story.  Scrapings from under defendant's fingernails did not reveal deoxyribonucleic acid (DNA) matching A.L. 

Officer Lance Kerney interviewed A.L. at her home on the night of March 6, 2000.  He stated A.L. told him her grandfather put his finger in her private part.  

Sergeant Michael Schlosser testified he interviewed A.L. at the hospital on the night of March 6, and she told him defendant put his finger in her "private" and pointed to the area between her legs.

Officer Kerney spoke with defendant at his residence in the early morning hours of March 7, 2000.  Defendant told Kerney he and the girls stayed downstairs the entire time while the girls ate candy.  

Sergeant Schlosser also spoke with defendant after he spoke with A.L.  Defendant told him he had gone in the home with the two girls to give them some candy.  A.L. started to walk upstairs and he picked her up off the stairs and put her back downstairs.  They remained downstairs and the girls left.

Defendant testified at trial that while he was the grandfather of K.L. only, he considered himself to be A.L.'s grandfather, too.  He stated when Stephanie drove him home on March 6, 2000, he asked if he could give the girls some candy and they went into the house with him while Stephanie waited in her car out front.  He left the door open.  K.L. stopped at the coffee table for candy.  Defendant continued walking toward the kitchen with A.L. beside him.  A.L. then headed upstairs.  Defendant stated he grabbed her and told her not to run up the stairs.  When he grabbed A.L., he lost his balance and went to one knee on the stairs.  He grabbed A.L. around the waist and stated when he lost his balance he touched her leg on the thigh.  On  redirect, defendant stated his hand could possibly have brushed against A.L.'s private area outside her clothing when he fell.

Upon this evidence, the jury convicted defendant.  The trial court sentenced him as stated.  This appeal followed.

II. ANALYSIS

Section 12-14.1(a)(1) of the Criminal Code of 1961 (Code) (720 ILCS 5/12-14.1(a)(1) (West 1998)) provides:

"(a) The accused commits predatory criminal sexual assault of a child if:

(1) the accused was 17 years of age or over and commits an act of sexual penetration with a victim who was under 13 years of age when the act was committed ***."

"Sexual penetration" is defined under section 12-12(f) of the Code as:

"[(1)] any contact, however slight, between the sex organ or anus of one person by an object, the sex organ, mouth[,] or anus of another person, or [(2)] any intrusion, however slight, of any part of the body of one person or of any animal or object into the sex organ or anus of another person, including but not limited to cunnilingus, fellatio[,] or anal penetration.  Evidence of emission of semen is not required to prove sexual penetration."  720 ILCS 5/12-12(f) (West 1998).

A. Jury Instructions As Plain Error

Defendant argues the jury was instructed erroneously on several issues regarding the necessary elements the State was required to prove to find him guilty and his conviction should be reversed.

The State contends defendant has forfeited the issues of these jury instructions for purposes of appeal because defense counsel did not object to them in the trial court.  Generally, when a defendant fails to object to jury instructions, any alleged error is forfeited.  
People v. Shields
, 143 Ill. 2d 435, 446, 575 N.E.2d 538, 543 (1991).  An erroneous jury instruction may be considered plain error only where evidence of guilt is closely balanced or when the error denied the defendant a fair trial.  
Shields
, 143 Ill. 2d at 446, 575 N.E.2d at 543. 

Fundamental fairness requires a trial court to give correct instructions on the elements of an offense charged to ensure a fair determination of the case by the jury.  Failure to so instruct the jury constitutes plain error.  
People v. Williams
, 181 Ill. 2d 297, 318, 692 N.E.2d 1109, 1121 (1998).  There is no 
per
 
se
 plain error whenever an error occurs in instruction on the elements of an offense.  
People v. Mattingly
, 180 Ill. App. 3d 573, 577, 536 N.E.2d 257, 259 (1989).

The evidence in this case is closely balanced.  The State argues the evidence in this case was not closely balanced because A.L. testified to unlawful touching by defendant and her testimony was corroborated by other evidence while defendant's testimony is not believable.  We find the evidence does suggest defendant touched A.L. improperly.  However, the evidence is closely balanced on the specifics of what occurred. There may have been either "contact" or "intrusion" under the definition of sexual penetration.  There may have been improper touching by defendant that might fit under a different offense.  A.L. testified defendant touched her "in" her "private part," but her indication of what exactly constituted her "private part" was not any clearer than simply somewhere below her waist and between her legs.  No physical evidence linked defendant to the abrasions found by Bacevich, nor was there testimony those abrasions could only have occurred from intrusion and not mere contact.  The elements of the offense were not clearly presented to the jury because of incorrect jury instructions.  The instructions were enough to improperly tip the balance of evidence toward conviction of defendant.

Defendant notes the jury was instructed "[t]he term 'sexual penetration' means any contact, however slight, between the sex organ or anus of one person and an object 
or
 
finger
."  (Emphasis added.)  However, prior to defendant's trial, this court held that a finger or a hand is not an object within the context of the "contact" clause of the statutory definition of sexual penetration.  
People v. Maggette
, 311 Ill. App. 3d 388, 397, 723 N.E.2d 1238, 1245 (2000).  Our supreme court has since affirmed our decision on that same ground.  
People v. Maggette
, 195 Ill. 2d 336, 349, 747 N.E.2d 339, 347 (2001).  The pattern instruction provides:

"The term 'sexual penetration' means any

[1] contact, however slight, between the sex organ or anus of one person and [(an object) (the [(sex organ) (mouth) (anus)] of another person)].

[or]

[2] intrusion, however slight, of any part of [(the body of one person) (any animal) (any object)] into the [(sex organ) (anus)] of another person[, including but not limited to [(cunnilingus) (fellatio) (anal penetration)]].  [Evidence of emission of semen is not required to prove sexual penetration.]"  Illinois Pattern Jury Instructions, Criminal, No. 11.65E, at 577 (4th ed. 2000) (hereinafter IPI Criminal 4th).

The prosecutor here, Mick McAvoy, chose the "contact" clause, rather than the "intrusion" clause, 
i.e.
, the first clause above as opposed to the second, but he went further and tendered a modified "contact clause" definition.  The record fails to show that the prosecutor informed the trial court or opposing counsel that tendered instructions had been modified.  The court accepted the instruction as tendered.  Supreme Court Rule 451 requires the trial court to use the applicable instruction from IPI unless it does not accurately state the law.  177 Ill. 2d R. 451.  We do not understand why the prosecutor would propose a modified instruction that affirmatively misstated the law.  We do not understand why defense counsel did not object.  We do not understand why the trial court gave an instruction that was contrary to our decision in 
Maggette
.  The jury instruction as to sexual penetration was clearly erroneous. 

B. Prosecutor's Closing Argument

Defendant next argues the confusion engendered by giving the incorrect jury instructions tendered by the State was compounded by the emphasis placed upon those instructions in the State's closing arguments.  Improper closing arguments can constitute plain error if the commentary has the effect of undermining the entire trial.  
People v. Laugharn
, 297 Ill. App. 3d 807, 811, 698 N.E.2d 219, 222 (1998).  Such was the case here as the State's arguments emphasized the erroneous jury instruction.  

The jury was not told it must find the element of "intrusion" by defendant.  Instead, the jury was told, erroneously, it need only find "contact" 
between
 defendant's 
finger
 and the victim's sex organ to find him guilty:

"And the court tells you, the term [']sexual penetration,['] and now suddenly so many of the questions you have heard during the trial are going to seem meaningless, 'the term ["]sexual penetration["] means 
any contact
, however slight, 
between the sex organ
 or anus of one person, 
and an object or finger
.' [']
Any contact
, however slight, 
between the sex organ
[']
 and the 
[']
finger
['].  So inside, outside, [']penetration,['] to the law does not mean what you might have imagined throughout all of this.  It doesn't mean that.  
It just means
,
 the 
[']
finger
[']
 and 
[']
the sex organ
[']
 touched
.  So[,] when she says [']inside,['] that's a good description.  And you have an idea exactly what she's talking about.  And it might be darn close to what you started this trial thinking of when you were thinking of [']penetration.[']

Now, that's all good for the prosecution.  
But it's not necessary
.
  You don't have to find beyond a reasonable doubt that there was 
[']
penetration
.[']
  So the question about
,
 or any question about hymen
,
 anything like that
,
 doesn't matter
 ***."  (Emphases added). 

Confidence in the jury's verdict was undermined by the incorrect jury instructions which originated with the State and the emphasis placed upon those instructions in the State's closing argument.  In the typical case where it is argued there was an improper closing argument, the appellee quickly points out that the jury was properly instructed and any impropriety or mis­statement in closing argument was ameliorated.  In this case, the instruction was glaringly erroneous and the argument exacerbated the error.  We conclude plain error occurred and reverse defendant's conviction and remand this case for a new trial.

C. Other Issues

Defendant has raised other issues on appeal, but since we find his conviction must be reversed due to the incorrect jury instructions and the State's reliance on those instructions in closing argument, we need not address those other issues.

III. CONCLUSION

Because we are remanding this cause for a new trial, we note the record contains sufficient evidence for the jury to have found defendant guilty beyond a reasonable doubt.  There is no double jeopardy impediment to a new trial.  
People v. Porter
, 168 Ill. 2d 201, 215, 659 N.E.2d 915, 922 (1995).  We also note that we have made no finding as to defendant's guilt that would be binding on retrial.  
People v. Jones
, 175 Ill. 2d 126, 134, 676 N.E.2d 646, 650 (1997).

For the reasons stated, we reverse the trial court's judgment and remand for further proceedings.

Reversed and remanded.  

STEIGMANN, J., concurs.

APPLETON, J., specially concurs.

JUSTICE APPLETON, specially concurring:

I am in complete agreement with the disposition set forth in the majority opinion but write separately to address with greater specificity the issue raised by the erroneous instruction given by the trial court as to the requisite mental state which was compounded by the argument of the prosecutor.

The jury here was instructed in part as follows:

"A person commits the offense of predatory criminal sexual assault of a child when he knowingly 
or
 
recklessly
 commits an act of sexual penetration when he is 17 years of age or older and the victim is under 13 years of age when the act is committed."  (Emphasis added).

See IPI Criminal 4th No. 11.103, at 679.

The jury was further instructed with the following issues instruction:

"To sustain the charge of predatory criminal sexual assault of a child, the State must prove the following propositions:

First Proposition:  That the defendant knowingly 
or
 
recklessly
 committed an act of sexual penetration with [A.L.]; and

Second Proposition:  That the defendant was 17 years of age or older when the act was committed; and

Third Proposition: That [A.L.] was under 13 years of age when the act was committed."  (Emphasis added.)  

See IPI Criminal 4th No. 11.104, at 681.

These instructions were also in error as a defendant charged with predatory criminal sexual assault of a child must be found to act knowingly or intentionally.  Neither section 12-14.1(a)(1) of the Code, defining predatory criminal sexual assault, nor section 12-12 of the Code, defining sexual penetration, prescribes an applicable mental state.  720 ILCS 5/12-14.1(a)(1), 12-12 (West 1998).  When a statute fails to prescribe an applicable mental state, a mental state of intent, knowledge, or recklessness is implied.  
People v. Terrell
, 132 Ill. 2d 178, 210, 547 N.E.2d 145, 159 (1989).  Although the definition of "sexual penetration" does not specify an applicable mental state, a mental state of either intent or knowledge is implicitly required for sexual penetration to occur.  
Terrell
, 132 Ill. 2d at 209, 547 N.E.2d at 158.  The committee note for IPI Criminal 4th No. 11.104, at 681, refers the user to the committee note for IPI Criminal 4th No. 11.103, at 679-80.  IPI Criminal 4th No. 11.104, Committee Note, at 681.  There, the com­mittee note discussed 
Terrell
 and recommended the selection of only the optional bracketed mental states consistent with the charge.  Recklessness, in short, is not an option for an instruction as to the mental state required for this offense and should not be used, despite its perhaps confusing appearance in IPI Criminal 4th No. 11.104. 

While jury instructions on a specific mental state are not required to be given for the offense of aggravated criminal sexual assault (720 ILCS 5/12-14 (West 1998)), which also requires sexual penetration (
People v. Simms
, 192 Ill. 2d 348, 376, 736 N.E.2d 1092, 1114 (2000)), if an instruction is given, it must accurately state the law.  The instructions here did not do so.

As the majority states, courts have often absolved a prosecutor's misstatement of the law in closing argument because the jury was properly instructed by the court.  
People v. Lawler
, 142 Ill. 2d 548, 565, 568 N.E.2d 895, 903 (1991).  Here the prosecutor argued to the jurors recklessness was all that was required to be found by them:

"That leaves you with one, the first proposition, 'that the Defendant knowingly or recklessly committed an act of sexual penetration with [A.L.].'  Really, that's two different parts there.  One is, what is going on in his head?  The other is, what he's doing, physically?  'That the defendant knowingly or recklessly' is just telling you that I don't have to prove that he planned it out.  There's none of this that's premeditated.  There's no, he meant to do that.  What they're saying is, it's enough that he knew what he was doing, when he did it.  And 
it's enough that even if all he did was do it recklessly
,
 something unreasonably
,
 accidentally
,
 recklessly
,
 that's enough
."  (Emphasis added.)

In this argument, the prosecutor erroneously argued the mental state of recklessness and then went one step further and equated recklessness with accidental conduct.  As legal concepts, "recklessness" and "accidentally" are not synonymous, and an argument calculated to show the equivalence of those two concepts has great potential for severe prejudice.  
People v. Gutirrez
, 205 Ill. App. 3d 231, 264, 564 N.E.2d 850, 872 (1990).

As this conviction is reversed and the defendant will presumably be retried, I believe it is important to give some direction to the prosecutor for his argument and drafting of instructions.